## GOPSHES *v.* STATE

[No. 360, September Term, 1962.]

*Decided June 28, 1963.*

The cause was submitted on briefs to HENDERSON, HAM-MOND, HORNEY, MARBURY and SYBERT, JJ.

*Douglas F. Lyons* on the brief for appellant.

*Thomas B. Finan, Attorney General* and *Franklin Goldstein, Assistant Attorney General, C. Osborne Duvall, State's Attorney* for Anne Arundel County, of Annapolis, Maryland, *T. Hunt Mayfield, State's Attorney* for Howard County, on the brief for appellee.

PER CURIAM.

The appellant, Cokie Joe Gopshes, was convicted by a jury of assault with intent to commit rape and sentenced to be confined in the "Maryland Institution for Men", for an indeterminate period, not to exceed eighteen years. On appeal, he contends that this Court has authority to review the record to determine whether the evidence is sufficient in law for the jury to convict when the question was not preserved below.

Testimony by the prosecuting witness was to the effect that on the evening of October 16, 1961, while on her way on foot to a movie in Glen Burnie, a car passed her and a boy leaned out of a window and yelled at her. This frightened her and she began to walk faster. As she started to cross an alley, the same car pulled into the alley, blocking her way. One of the two boys in the car jumped out and pushed her into the front seat between him and the driver.

She was taken to a deserted road somewhere in the vicinity of Glen Burnie, the location of which she could not establish. There, the car was parked off the road, and the boy who had pushed her into the car attempted to have sexual relations with her against her will, but was unsuccessful. Then the driver of the car got into the back seat with her and in spite of her struggles was able to have sexual relations with her. She was then taken back to Glen Burnie and put out of the vehicle.

On November 19, 1961, the prosecuting witness picked ap-

pellant out of a line-up and identified him as the driver, and the one who forced her to have sexual relations with him. She repeated the identification at the trial in the Circuit Court for Howard County, on November 14, 1962. Appellant at the trial denied that he had sexual relations or attempted to have them with her. He denied ever being in a car with her or participating in or having knowledge of any assault upon her. However, Gopshes could not account for his whereabouts on the night of the incident. Appellant made no motion for a judgment of acquittal at the end of the State's evidence, nor at the conclusion of all of the testimony, and made no objections and took no exceptions to the judge's charge to the jury.

His contention is without merit. In a long line of criminal cases this Court has held that in the absence of a motion for a judgment of acquittal, this Court will not review the evidence and such a refusal is not a denial of due process. *Tull v. State,* 230 Md. 152, 155, 186 A. 2d 205, and cases cited therein. In any event, it seems too clear for argument in the instant case that there was legally sufficient evidence to support the verdict.

*Judgment affirmed.*