STEWART *v.* STATE

[No. 333, September Term, 1963.]

*Decided June 8, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HOR-
NEY and SYBERT, JJ., and KEATING, J., Associate Judge of the
Second Judicial Circuit, specially assigned.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on
the brief, for the appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom
were *Thomas B. Finan, Attorney General, William J. O'Don-
nell, State's Attorney for Baltimore City,* and *George J. Helin-
ski, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

There is little, if any, merit in this appeal. Appellant was convicted of robbery with a deadly weapon, and sentenced to 20 years' confinement.

He first complains that the court erred in admitting a confession made by him, because it was not voluntarily made. Three officers testified that the statement was freely and voluntarily made, and appellant offered no testimony, other than his own, to rebut that offered by the State. The question of its admissibility was, primarily, one for the trial court, and its determination will not be disturbed on appeal, unless clearly erroneous. *Abbott v. State,* 231 Md. 462.

Appellant alleges an insufficiency of evidence to sustain the conviction. The two victims of the robbery positively identified him at the trial, and testified as to his participation in the holdup. This testimony was sufficient, if believed by the trial court, to sustain the conviction without consideration of his confession; but when the victims' testimony and appellant's confession are both taken into account, they make this contention frivolous.

Appellant finally argues that the trial judge erred in sustaining the State's objection to certain evidence offered by him. It appears that on the night he was arrested, appellant made a statement admitting his participation in another holdup, not connected with the one for which he was being tried. The following day, he signed the confession admitted against him at his trial. Appellant claims that another person admitted being guilty of having committed the first named holdup, after appellant made his statement relative thereto. He argues that this testimony would prove that he confessed having participated in the commission of a crime that he did not participate in, and if that confession were untrue, it necessarily follows that his confession in the instant case was untrue. There was no error here. If inquiry into collateral matters of this character were permitted, it would cause an undue expenditure of time and the trial of issues not pertinent to the trial being conducted.

*Judgment affirmed.*