## THIESS *v.* STATE

[No. 358, September Term, 1963.]

542

*Decided July 8, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ., and reargued before the entire Court.

*Nelson R. Kandel,* (on both arguments), for appellant.

*David T. Mason, Assistant Attorney General,* (on both arguments), with whom were *Thomas B. Finan, Attorney General,* and *William J. O'Donnell, State's Attorney for Baltimore City,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Frederick O. Thiess was convicted by Judge Sodaro, sitting without a jury, of burglary and larceny of narcotics. He claims prejudicial error in the action of the court in allowing the State to reopen its case to offer new evidence, in admitting his confession without sufficient showing that in fact it had not been coerced by threats or induced by promises and because he had been denied due process when he was not permitted to call his lawyer until after he confessed. In the view we take of the case we do not reach the first two contentions since we think that the record makes the case before us indistinguishable from *Haynes v. Washington,* 373 U. S. 503, 10 L. Ed. 2d 513, and that it is, therefore, controlled by the holding of *Haynes* that refusal by the police of the prisoner's requests to call his lawyer until he confessed made his confession not "the voluntary product of a free and unconstrained will, as required by the Fourteenth Amendment." (p. 514 of 373 U. S.)

Thiess was arrested at his home about three o'clock in the morning and, although the legality of the arrest is not questioned, apparently without a warrant, and, certainly, without a showing of probable cause.

Both Thiess and his father testified that the arresting officer promised to let Thiess call his father, who was sick, later in the morning from the station house. Thiess says he was told at the time he could call his attorney when he got "downtown" (the Central Police Station). At the station, Thiess was interrogated and then put in a cell. He states he asked the turnkey five or ten times when he could call his father and his attorney and was told "you're held for investigation, you're not allowed to make a phone call until you are charged." Thiess testified he asked Captain Carroll the next day to be allowed to call his attorney or his father, and that Captain Carroll just laughed and made no answer. Thiess says further that he made repeated requests all that day to call his lawyer, that he asked every officer he came in contact with, and that "all I kept hearing, when you make a statement and you are charged, you will be able to make a phone call."

The arresting officer denied saying at the Thiess home that Thiess would be allowed to make a call and said that "not to my knowledge" did Thiess make a request to call his attorney, adding "had he made such a request I would have granted it."

Lieutenant Simonsen testified that if a suspect who is being held during investigation asks to make a telephone call he permits him to make it, and said at first that he could not recall any request by Thiess to make a phone call and then, when pressed, said "I do believe later in the night Thiess did make a remark to me he would like to call his attorney;" he thought, somewhat vaguely, it was after the making of the statement. Officer Rye and Policewoman Cook could not recall whether Thiess asked to call his lawyer or not.

Officer Grossman, the turnkey to whom Thiess says he repeatedly addressed requests to make a call to his lawyer and who as often denied the request, was not produced by the State. Captain Carroll did not testify.

On this state of the record, the facts of the case are very similar to those in *Haynes*. There, Haynes was kept incommunicado by the police and when he asked to call his wife and his lawyer was told he could do so only after he was "booked," and "cooperated" by giving a statement. Here, Thiess was told he could not call until he was "charged," and that when he

made a statement and was charged he could call. In *Haynes* there was no effective contradiction of the prisoner's version of what took place (the Supreme Court said at page 513: "The uncontroverted portions of the record thus disclose that the petitioner's written confession was obtained in an atmosphere of substantial coercion and inducement created by statements and actions of state authorities"). Here, the claims of Thiess that he was not allowed to call his father or his lawyer and was told he would not be allowed to do so until he made a statement and was "charged," remain, on the record, substantially unimpaired. We hold that the confession was improperly admitted.

Since the case must be retried, we do not need to decide whether the recent holding of the Supreme Court in *Escobedo v. Illinois*, 378 U. S. 478, would be applicable on the facts. (The testimony of the police was that Thiess had been fully advised of the constitutional right to remain silent and that his confession must be his free and voluntary act.)

*Judgment reversed and case remanded for a new trial.*