## PARKER v. WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 2, September Term, 1964.]

*Decided September 25, 1964.*

Before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

HENDERSON, C. J., delivered the opinion of the Court.

The appellant's conviction of armed robbery was affirmed on appeal to this court in 225 Md. 288. We found no merit in the contention that his confession was improperly admitted. A petition for writ of habeas corpus was denied in December, 1962. The present petition for post conviction relief was denied by Judge Carter, who expressly found that his arrest was legal and that in any event nothing was seized or offered in evidence against him. The only point not covered by Judge Carter, or decided in the prior proceedings, is the contention that he was not allowed to consult counsel prior to the time he confessed to the crime. Counsel was appointed prior to his arraignment on February 11, 1960 (the trial was not until April 26, 1960), and he was represented by counsel in all subsequent proceedings.

If we assume without deciding that the decision of *Escobedo*

*v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977 (June 22, 1964), is effective retrospectively, we think the case is readily distinguishable. In the instant case the confession was made on December 30, 1959, and the indictment was not until February 8, 1960. It was not alleged or shown that counsel was ever requested, or permission to consult counsel or others denied, at the time of the brief interrogation leading to the confession. According to the police, the suspect readily admitted his complicity in this and other crimes. That the confession itself was voluntary was established on the direct appeal. Cf. *Hornes v. Warden,* 235 Md. 673, 202 A. 2d 643.

*Application denied.*