## McCOY v. STATE

[No. 69, September Term, 1964.]

*Decided November 13, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, HORNEY, SYBERT and OPPENHEIMER, JJ.

*Howard J. Needle* for the appellant.

*Robert J. Martineau, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *Robert Freeze, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for the appellee.

PER CURIAM.

The appellant, convicted of armed robbery and larceny (on separate occasions) contends on appeal that his written confessions were not admissible, that the evidence was insufficient, and that a new trial should have been granted on the basis of newly discovered evidence. We find no merit in any of these contentions. McCoy never requested a lawyer at the time of his interrogation, and this distinguishes *Escobedo v. Illinois,* 378 U. S. 478. Cf. *Sturgis v. State,* 235 Md. 343, 346, and *Parker v. Warden,* 236 Md. 236, 203 A. 2d 418. His claim of coercion and beating by the officers was denied. Cf. *Williams v. State,* 236 Md. 609, 203 A. 2d 268. There was proof of the *corpus delicti* in both cases. In addition, McCoy was identified by the robbery victim and implicated by his codefendant in both crimes. Cf. *Stewart v. State,* 235 Md. 210. Pawn tickets for the stolen goods were found in the possession of the accused. Of course, there is no appeal from a denial of a new trial, absent abuse of discretion and we find none. As we have often remarked, the problem of the recanting witness is not new. It clearly cannot be resolved in this appeal. *Sturgis v. State, supra,* and cases cited.

*Judgments affirmed.*