## GOPSHES *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 75, September Term, 1964.]

*Decided January 7, 1965.*

Before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and OPPENHEIMER, JJ.

PER CURIAM.

The applicant, Cokie Joe Gopshes, was convicted by a jury of assault with intent to commit rape and sentenced to be confined in the Maryland Institution for Men, for an indeterminate period, not to exceed eighteen years. He appealed his conviction to this Court which was affirmed in *Gopshes v. State,* 232 Md. 208, 192 A. 2d 500. Thereafter, he filed a petition under the Post Conviction Procedure Act alleging that his trial counsel was inept in that he (1) failed to avail himself of the advantages of criminal discovery procedures; (2) failed to summon witnesses whom he knew or should have known would be required for the applicant's defense; (3) failed to move for acquittal at the end of the State's case and again at the close of all the evidence; and (4) failed to advise him prior to the trial that he would be called as a witness in his own defense and to assist him in preparing his testimony.

After a hearing on the amended application, Judge Evans in the lower court filed a memorandum and order dismissing the petition in which he made factual findings to the effect that the first three contentions stated above could not be sustained, and his findings thereon are accordingly approved. Moreover, the third contention was disposed of by this Court on the applicant's direct appeal in *Gopshes v. State, supra.* However, Judge Evans made no comment upon the applicant's fourth contention.

In his application for leave to appeal the applicant reiterates the same contentions and we need only here consider contention No. 4, which we find to be without merit. Whether a defendant takes the stand in his own defense is a matter of trial tactics and, on application for post conviction relief as well as on application for leave to appeal from an adverse result, he can not complain if he did not make a favorable impression on the triers of the facts. *Hall v. Warden,* 224 Md. 662, 168 A. 2d 373. Furthermore, the applicant did not show that he was prejudiced by taking the stand.

*Application denied.*