# BONNER *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 91, September Term, 1964.]

*Decided February 5, 1965.*

Before Prescott, C. J., and Hammond, Horney, Marbury and Oppenheimer, JJ.

Marbury, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of post conviction relief on October 2, 1964, by Judge Sodaro. Applicant was convicted on the fourth count of a robbery indictment on July 12, 1963, by Judge Foster. He was sentenced to serve six years in the Maryland Penitentiary, the sentence to run concurrently with a three year sentence imposed by Judge Jones on November 5, 1962, for larceny. Subsequently, the applicant was referred to the Patuxent Institution for evaluation and examination; and on February 7, 1964, after a hearing at which he was represented by court appointed counsel, he was determined to be a defective delinquent and ordered confined in that institution by Chief Judge Manley. In his petition and at his hearing before Judge Sodaro, he contended that: (1) he was not represented by counsel at his preliminary hearing on the robbery charge; (2) that he was not placed in a legitimate lineup at police headquarters, but taken in handcuffs and under arrest before the accuser for the purpose of identification during the preliminary hearing; (3) that his statement, taken while he was not represented by counsel, was for that reason alone illegally admitted in evidence against him at his trial; (4) that he was incarcerated for nine months before trial; (5) that his co-defendant was given State immunity to testify against him even though she was an habitual liar; and (6) that the State's Attorney did not file an answer to his petition pursuant to Maryland Rule BK43. We find no merit in any of these contentions.

1. The applicant entered a plea of not guilty to the charge at the preliminary hearing. Thus, under these circumstances, the preliminary hearing was not such a critical stage of the proceedings as to require the presence of counsel. *Fabian v. State,* 235 Md. 306, 201 A. 2d 511.

2. He complained that his accuser identified him when he was brought before this accuser and was not picked out of a lineup. The State was not under any obligation to conduct a lineup for the accused.

3. This contention lacks merit because the record fails to show that he ever requested a lawyer at any time during the interrogation. *McCoy v. State*, 236 Md. 632, 204 A. 2d 565.

4. The record shows that while awaiting trial on the robbery charge he was already under a three year sentence imposed by Judge Jones on November 5, 1962. But even if there had been a delay (a question which we need not decide), the failure of the petitioner to make demand for a speedy trial constituted a waiver. *Swift v. State*, 224 Md. 300, 167 A. 2d 762.

5. It is ordinarily for the trier of facts to weigh and determine what testimony is credible and what is not to be believed. *Hicks v. State*, 225 Md. 560, 171 A. 2d 722.

6. Assuming without deciding that the State's Attorney must respond by answer or motion within fifteen days of the docketing of the petition, the applicant did not show that he was in any way prejudiced by the State's failure to file its answer in proper time.

*Application denied.*