## COWANS And HAYES *v.* STATE

(Two Appeals in One Record)

[No. 228, September Term, 1964.]

434

*Decided April 29, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Robert V. Lazzaro* and *Harold Buchman* for the appellants.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Andrew J. Graham, Assistant State's Attorney,* on the brief, for the appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

Appellants, Hayes and Cowans, were convicted in the Criminal Court of Baltimore by a judge, sitting without a jury, of two offenses of assault and two offenses of robbery, and, after denial of their motions for new trials by the Supreme Bench of Baltimore City and sentences by the trial judge, have appealed.

Two questions only are presented for our consideration: (1) Were appellants' confessions rendered inadmissible because the police did not affirmatively advise them of their right to counsel in the absence of any request therefor, and the police did not explicitly inform them that they had a right to remain silent, even though they were advised that the police were "not go-

ing to threaten you in any way and what you say must be *free and voluntary on your part* [italics added]"; and (2) Were the confessions inadmissible because appellants were not taken before a committing magistrate before the confessions were given?

On September 22, 1963, at about 10:30 p.m., a Baltimore City College student, Ralph Beam, was attacked by two young thugs in the 1700 block of Lamont Avenue in Baltimore City. While one of the assailants held a knife at Beam's throat, the other stole his wallet, which contained a fishing license, pictures, and identification cards. Beam was standing beside his father's automobile when attacked. He was subsequently treated at St. Joseph's Hospital for a stab wound in his left side. Beam identified the appellants in court as his assailants, although he admitted that he had not positively identified them as such at the police station on the night of the occurrence. There was some indication that Beam had known Cowans previously while both were at Clifton Park Junior High School.

About one hour later that same evening Mae Brannon, a nurse at St. Joseph's Hospital, Baltimore, was attacked while getting ready to start her car across the street from the hospital. Two "colored boys" approached her car, opened the door, and ordered her out. The shorter one grabbed her around the neck and yanked her out of her car. The young thugs took her wallet and pocketbook and drove away in her 1963 Rambler. She reported the assault and automobile theft to the police at once.

Shortly thereafter, while cruising in an unmarked radio car, Officer Boston spotted the Brannon vehicle in the 1400 block of Wolfe Street, after having heard a description thereof over the radio. Boston apprehended the appellants in the Brannon car. The appellants had in their possession Beam's wallet containing the fishing license, Mrs. Brannon's wallet, a pocket knife (Cowans'), and some money.

The appellants were brought to the Eastern District Police Station at 11:45 p.m., were booked and placed in separate cells. The following day Hayes was interrogated from 1:25 p.m. until 4:45 p.m. While he at first denied any knowledge of either robbery, he soon confessed that he had participated in both crimes, and his confessions were reduced to writing. The two

police officers present at the interrogation testified that there were no threats, inducements, promises, nor any form of coercion employed during the interrogation, and that the confessions were voluntarily given. The written confessions each contained a statement by the interrogating officer advising Hayes that "what you say can be used for or against you in Court." Although he testified he didn't remember signing the statements, Hayes admitted that the signatures were his.

Cowans was interrogated from 1:05 to 1:20 p.m. on September 23; from 4:45 to 5:05 p.m. on the same day; and from 10:05 a.m. until 11:15 a.m. on the 24th. He confessed, on the 24th, to both crimes after being "confronted with Hayes." Written statements similar in form to Hayes' statements were transcribed and signed. Both appellants were taken before a committing magistrate on September 25th at 3:00 p.m.

Objections to the admission of the confessions were raised by defense counsel on the basis of (1) "long delay between the arrest and the booking" of the appellant Hayes, and (2) the lapse of "36 hours between the time of arrest and the time of the statement," in the case of Cowans. Judge Oppenheimer found that each of the statements was "given entirely voluntarily, free from any duress, coercion, force or promise." He further found the statements of the various officers who testified "entirely credible," and he "[did] not believe the testimony of defendants on this point." The objections were overruled.

There was no evidence of a request for counsel during confinement or interrogation by either appellant. No objection was made by either defense counsel on the basis that counsel had been denied appellants during confinement, or that the police failed to advise them of their right to counsel or of their right to remain silent.

I

We are, of course, familiar with and have carefully studied the Supreme Court's decisions in *Gideon v. Wainwright,* 372 U. S. 335, *Massiah v. United States,* 377 U. S. 201, and *Escobedo v. Illinois,* 378 U. S. 478. We do not interpret these cases, or any other decision of that Court, as making an affirmative advising of an arrestee of his right to counsel, before the tak-

ing of a confession, a prerequisite to its admissibility (in a State prosecution) provided, of course, that the confession was freely and voluntarily given under the totality of the attendant circumstances, or that a failure to inform, explicitly, an arrestee of "his right to remain silent" destroys the voluntariness of his confession and thereby renders it inadmissible. And we have so recently had occasion to analyze and state the Court's understanding of the holdings in the above decisions, if we do so here, it will amount to no more than unnecessary repetition. See *Green v. State,* 236 Md. 334; *Parker v. Warden,* 236 Md. 236; *Wilkins v. State,* 237 Md. 617; *Mefford and Blackburn v. State,* 235 Md. 497, *cert. den.* 380 U. S. 937.

We are, likewise, familiar with the decisions of *People v. Dorado,* 394 P. 2d 952 (Cal.), and 398 P. 2d 361; and *State v. Neely,* 398 P. 2d 482 (Or.). But we are also aware of the decision of the Court of Appeals of New York in *People v. Gunner,* 205 N. E. 2d 852, just decided, wherein the interpretation of the Supreme Court's decisions is quite similar to that of this Court. We reaffirm this Court's analyses of the Supreme Court's decisions made in *Mefford and Blackburn, supra,* and hold that under the totality of the attendant circumstances the appellants' confessions were freely and voluntarily given and therefore were admissible. The trial judge found: "I find each of these statements [appellants' confessions] was given entirely voluntarily, free from any duress, coercion, force or promise," and this finding was amply supported by the evidence.

In any event, the question was not reserved for our decision under our rules of court. Maryland Rule 885.

### (2)

This exact question was raised in *Taylor v. State,* 238 Md. 424, with a ruling adverse to appellants' claim here. For the reasons assigned in our opinion therein, we hold that the contention is without merit.

*Judgments and sentences affirmed.*