## RAMSEY *v.* STATE

[No. 378, September Term, 1964.]

562

*Decided July 29, 1965.*

Submitted to the entire Court.

Submitted on brief by *William A. Ehrmantraut, John J. Mitchell* and *Edward C. Donahue* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Robert J. Martineau, Assistant Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* for appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

Appellant was convicted of armed robbery by a jury in the Circuit Court for Prince George's County, and, after sentence, he has appealed as an indigent.

Seven questions have been raised and they will be considered and decided *seriatim.*

Appellant was arrested in Virginia and returned to Maryland by the Montgomery County police, and, after questioning, he confessed to them that he had participated in the Prince

George's County robbery. Additional facts will be stated when the questions are considered.

I

Appellant first contends that he was denied due process of law because one of the State's witnesses referred in his testimony to other crimes with which appellant had been charged, and another State's witness, a psychiatrist, mentioned that appellant told him that he had confessed to the commission of the offense for which he was being tried, but the confession was untrue. In regard to the charge relative to other crimes, he argues that this was a violation of the rule which makes inadmissible testimony concerning other crimes which a defendant has committed, or has been charged with, before the defendant's credibility has been placed in issue by his taking the stand (we do not intimate that crimes of which a defendant had not been convicted, with certain exceptions, ordinarily would be admissible even though he does take the stand).

There are several answers to the above claims. First, before any mention was made of the then two pending charges of robbery in Montgomery County (the only ones mentioned), counsel for the appellant (who does not represent him in this appeal) approached the bench beyond the jury's hearing, and informed the trial judge of the other pending charges and said he wished to register an objection to any mention being made of them. After a short colloquy with the court, counsel, obviously believing that defendant's attack on the admissibility of, and the weight to be given to, his confession would be benefited by the jury having all of the facts, specifically and deliberately withdrew any objection to reference being made to the other pending charges. The assertion of even constitutional claims may, under certain circumstances, be foreclosed as a part of trial strategy. *Henry v. Mississippi,* 379 U. S. 443. However, this Court has held that the rule of the admission, *vel non,* of other crimes is merely a rule of evidence and not a rule of constitutional law. *Baltimore Radio Show, Inc. v. State,* 193 Md. 300. The defendant in a criminal case cannot have his cake and eat it too: he cannot explicitly withdraw an objection, because he sees a trial advantage to him by such withdrawal, and thereafter claim, on appeal, that his rights have been violated.

The reference of the psychiatrist to the effect that appellant had told him that he had confessed, if error, was harmless. The psychiatrist immediately stated that defendant told him the confession was not true, and the confession, itself, was later properly introduced into evidence. *Baltimore Radio Show, Inc., supra.*

## II

Next, the appellant claims his confession was inadmissible, relying upon *Escobedo v. Ilinois,* 378 U. S. 478. There is no evidence to show whether or not the police specifically advised the defendant of his right to remain silent or of his right to counsel; however, there was no evidence that he requested counsel or was denied the right to obtain the same. Although appellant claimed that one of the officers threatened to involve his wife and child in the commission of the crime and this induced him to confess, this was flatly denied by the officer, who testified further that no threats, promises, or inducements of any kind were made or held out to the accused. In fact, the officer did not know of the Prince George's County offense until the appellant told him of it. No lengthy detentions or interrogations were claimed. The trial judge concluded that the confession had been freely and voluntarily made and admitted it. We hold that his action was correct. Until more specific light is given by the Supreme Court on the subject under consideration, we adhere to our previous decisions. *Mefford and Blackburn v. State,* 235 Md. 497, *cert. den.* 380 U. S. 937. *Cowans and Hayes v. State,* 238 Md. 433; *Green v. State,* 236 Md. 334; *McCoy v. State,* 236 Md. 632. Cf. *Jones v. State,* 229 Md. 165.

## III

This contention is of a rather frivolous nature. Appellant complains that he was prejudiced by the Sheriff showing him to one of the State's witnesses on the morning of the trial. Even after being shown the accused, the witness was unable to identify him with sufficient certainty so the court struck out the witness' testimony relative to identity. Obviously, the claim is without merit. Appellant's brief makes reference to the State's witness Herbert having seen "appellant before trial." There is nothing in the record extract (other than the witness' relation

of the commission of the crime) to show that this witness ever saw the defendant before trial, and, if so, the circumstances under which he was seen; consequently, we do not pursue the matter further.

## IV

This contention also is of a somewhat frivolous nature. Appellant here assigns as error the fact that two psychiatrists called by the State testified as to their understanding of what the "Spencer Rule" meant. No contention is made that either misstated the rule.

Again, there are several answers to the assignment of error. First, no objection was made to the psychiatrists giving their opinions; hence the question is not properly before us for consideration. Maryland Rule 885.

There can be little doubt that the prevailing and the better practice is not to have the doctor-witness express his view as to what the "Spencer Rule" means, but to encompass within a question calling for the doctor's opinion relative to the sanity of an accused the requirements of mental capacity under that Rule necessary to hold an accused responsible to the criminal law for his actions. It is manifest, however, that no harm could befall an accused under either method; provided the doctor knew and applied the standards contained in the Rule, which both doctors did in the case at bar. In addition, Judge Digges carefully explained to the jury the requirements of the Rule and the duty of the State in establishing sanity when insanity is pleaded. (Incidentally, counsel for the accused and the accused, who insisted upon the last two contentions to be considered being included in his brief, have paid the trial judge a silent compliment herein. Although seven contentions are made, some of rather flimsy stature, no complaint is made concerning any portion of the charge!) We hold that no harmful error has been shown under this heading.

## V

This question gives us little difficulty. Appellant claims that there was insufficient evidence for the jury to have found him to be sane at the time of the commission of the crime. The case was tried by a jury. When a case is tried by a jury, the Court

of Appeals does not weigh the evidence presented to the jury, but only determines its sufficiency to take a particular issue, or the entire case, to the jury. Cf. *Briley v. State,* 212 Md. 445, and *Tull v. State,* 230 Md. 596, and cases cited therein. In the case at bar, two psychiatrists, who were the only medical witnesses offered relative to the accused's sanity, testified he was sane at the time the offense was committed. Obviously, their testimony was sufficient to take the issue of sanity to the jury for final determination.

## VI

This and the final contention of appellant is included in his brief at his insistence. He complains that his counsel did not spend sufficient time in interviewing him. There is nothing in the record relative thereto except a bald allegation of appellant in his brief. No complaint concerning this fact or the quality of his representation by counsel was registered with the trial court. An examination of the record discloses that trial counsel was alert in his cross-examination of witnesses and offered all of the testimony favorable to the defendant which was at his command. Whether or not a different course had been pursued relative to the trial tactic considered under Contention I would have produced any substantial benefit to the appellant will probably never be known. We do observe, however, that when a man goes into a place of business, with another man (each with a pistol), and with guns pointed takes money belonging to another and then voluntarily confesses to the police that he did so, no easy task is presented to defense counsel, who is expected to exonerate the defendant. We hold that the contention is without merit.

## VII

This final contention is devoid of merit. Appellant was indicted on May 4, 1964. He was arraigned on May 14, 1964, and, as he appeared in court without counsel, the trial court advised him of his right to counsel, ordered a plea of not guilty entered in his behalf, and an election of a jury trial (which, of course, could be changed by the defendant at any time before trial). Compare Maryland Rule 719. On the same day, counsel was appointed for him. On May 25, 1964, appellant entered

additional pleas of insanity, and, after being sent to the State Hospital in accordance with Code (1957), Article 59, § 9, for psychiatric examination, he was returned and tried by Chief Judge Digges with a jury. His pleas were not guilty, not guilty by reason of insanity at the time of the alleged offense, and insane at the time of trial, all of which were fully explored and presented to the jury for determination.

The above manifestly discloses at least a substantial compliance with Maryland Rule 719, *Gouker v. State,* 224 Md. 524, and a full and complete protection of all of the rights of the appellant to a fair and impartial trial in which he was represented by counsel. In Maryland, an arraignment has never been considered a critical stage of the proceedings at which counsel for the accused must be present (compare *Hamilton v. Alabama,* 368 U. S. 52), so long as no prejudice to the accused results such as the acceptance of a guilty plea. Maryland Rule 725 adequately protects every defendant in regard to any motion or challenge to the preliminary proceedings. As indicated above, we find this claim has no merit.

*Judgment affirmed.*