## BULLUCK *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 1, September Term, 1965 (Adv.).]

*Decided August 20, 1965.*

Before the entire Court.

PER CURIAM.

This application for leave to appeal from a denial of post conviction relief must be denied for the reasons stated by Judge Jones in her comprehensive and well-considered opinion filed in the Criminal Court of Baltimore on January 18, 1965, after a full hearing before the court with court-appointed counsel for the petitioner, the petitioner himself, and counsel for the State present and after the presentation by counsel and consideration by the court of memoranda presented by counsel for the petitioner and for the State.

During the past seven years, there have been a number of prior proceedings in this matter. The petitioner was found guilty on April 17, 1958 by Judge Sodaro in the Criminal Court of Baltimore, sitting without a jury, of the rape of Lois Drawdy. On the following day, April 18, 1958, he was found guilty by a jury, sitting before Judge Sodaro, of the rape of Bertha But-

ler. Judge Sodaro sentenced the petitioner to death by the administration of lethal gas. We affirmed both convictions in *Bulluck v. State*, 219 Md. 67, 148 A. 2d 433 (1959). Governor Tawes, on July 24, 1959, upon the recommendation of Judge Sodaro, commuted the death sentence to terms of life imprisonment in each case, to run consecutively.

The petitioner had filed a petition for a writ of habeas corpus in the United States District Court for the District of Maryland which Chief Judge Thomsen denied on March 20, 1959. On March 26, 1959 the petitioner filed his first petition under the Post Conviction Procedure Act in the Criminal Court of Baltimore and, after a hearing in open court, Judge Joseph L. Carter dismissed the petition. We denied leave to appeal in *Bulluck v. Warden*, 220 Md. 658, 152 A. 2d 184 (1959). The Supreme Court of the United States denied certiorari on October 13, 1959. See *Bulluck v. Pepersack, Warden*, 361 U. S. 847, 80 S. Ct. 102, 4 L. Ed. 2d 85. The petitioner then filed a second petition for a writ of habeas corpus, which Judge Thomsen denied on November 23, 1959. On March 4, 1960, the petitioner filed his second petition under the Post Conviction Procedure Act which Judge Carter dismissed on June 14, 1960. No application for leave to appeal to the Court of Appeals was filed from this denial of relief. The petitioner then filed a third petition for habeas corpus in the United States District Court in which it was stipulated between counsel that the proceedings in the Federal Court should be held in abeyance pending the disposition of a post conviction proceeding to be filed in the State Court. Thereupon the petitioner filed the present third petition for relief under the Post Conviction Procedure Act. Upon proof of indigency, Judge Jones appointed competent counsel to represent the petitioner and memoranda were filed and arguments made as above set forth.

The petitioner, relying on *Mapp v. Ohio*, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961), *Escobedo v. Illinois*, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964), and (for his third contention) *Thiess v. State*, 235 Md. 541, 201 A. 2d 790 (1964), raised three contentions in the present third petition for post conviction relief.

1. That he was illegally arrested and searched on the occasion of both his arrests and that some of the evidence seized was illegally used against him at his subsequent trials.

2. "That the police enticed and cajoled Petitioner into making a statement and that they enlarged upon and added to said statement facts and admissions which Petitioner never said."

3. "That petitioner did not enjoy the right, nor was he advised of any such right to counsel, nor was counsel appointed for him during the period of his incarceration and interrogation by the police prior to his being formerly [sic] charged or arraigned, nor was he allowed permission to call his wife for the purpose of asking her to obtain counsel for him during this preliminary stage."

Judge Jones carefully analyzed the facts and found that the factual basis for those contentions was not sustained by the evidence and the applicable law. We need add nothing to her findings and conclusions, except to point out that since the filing of her opinion, the Supreme Court of the United States on June 7, 1965 in *Linkletter v. Walker, Warden,* 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601, held that the decision in *Mapp v. Ohio, supra,* is not to operate retrospectively upon cases decided prior to the decision in *Mapp* on June 19, 1961. As already indicated Bulluck's original convictions occurred in 1958.

*Application denied.*