## JOHNS *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 39, September Term, 1965.]

*Decided October 15, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MAR-
BURY, OPPENHEIMER and BARNES, JJ.

HAMMOND, J., delivered the opinion of the Court.

Daniel Jacob Johns seeks leave to appeal under the Post Con-
viction Procedure Act from an order denying his petition for
relief, which was filed by Judge Harris following a hearing in
open court. The petitioner seeks relief on three grounds: (1)
the State knowingly presented perjured testimony at the trial;
(2) the State suppressed evidence of an oral exculpatory state-
ment made by the petitioner to the police; and (3) his court-ap-
pointed counsel was incompetent. Judge Harris heard witnesses
as to these contentions and filed a detailed opinion. We think
he was correct in denying relief.

The basis of petitioner's allegation of perjury is that Officer
Marcinko, one of the arresting officers who testified at the trial
that he had been an eyewitness, was actually not present, and
so testified falsely. Petitioner did not take the stand, and the
evidence he produced on this point negated his contention. Of-
ficer Marcinko repeated his testimony given at the original trial.
One of the other officers who arrested Johns completely corro-
borated the testimony of Officer Marcinko. The petitioner pro-
duced no evidence to prove perjured testimony.

The testimony showed that there was some sort of an oral
statement made to the police by petitioner after his arrest. Al-
though none of the witnesses could remember exactly what he
said, it was agreed by all parties that the statement was in sub-
stance a general denial by petitioner of participation in the of-
fense for which he was arrested. The statement was made to the
police at the station house at the outset of the investigation, and
it was accepted by them as the usual protestation of innocence
or denial of guilt that is frequently made in criminal investi-
gations. The police, who at that time knew that several officers
had actually witnessed the commission of the offense, gave lit-
tle credence to the statement, and proceeded with the investiga-
tion which led to petitioner's subsequent conviction.

This Court has recently stated:

"* * * that in order for the nondisclosure of evidence to amount to a denial of due process it must be such as is material and capable of clearing or tending to clear the accused of guilt or of substantially affecting the punishment to be imposed in addition to being such as could reasonably be considered admissible and useful to the defense. And, * * * in a situation involving passive nondisclosure an inquiry must be made into the question of whether the nondisclosure may have operated to the prejudice of the accused. Certainly there should be no duty on the prosecution to disclose evidence that is available to the accused or lacking in probative value, or, in some circumstances, evidence that is merely circumstantial." *State v. Giles,* 239 Md. 458, 469-70.

Petitioner's statement was nothing more than a general denial that he had participated with his codefendant in the commission of the offense. Inclusion in the State's case of this statement of innocence would add nothing to a plea of not guilty and therefore cannot be considered useful to petitioner's defense. It is also obvious that since petitioner made the very statement which he now contends was suppressed and could have testified that he made the statement, or if he desired not to take the stand, could have called as a witness one of the policemen who heard him make the statement, the evidence was available to him at the trial. See *Howington v. Warden,* 234 Md. 610; *Dyson v. Warden,* 233 Md. 630; *Fisher v. Warden,* 230 Md. 612.

The petitioner's contention that his court-appointed counsel was incompetent is based on four allegations. Petitioner first alleges that his trial counsel did not summon Lieutenant Maskell and two other police witnesses, whom petitioner believed would benefit his case. At the hearing, the lawyer who represented petitioner at the trial testified that he had interviewed the lieutenant and was convinced that he knew nothing whatever about the case and that he felt it would be poor trial tactics to call a police witness who knew nothing of the case. In view of the lawyer's awareness of Lieutenant Maskell's lack of knowl-

edge, the decision to call or not to call him as a witness must be considered one of trial tactics, and would seem to have been sound. It is settled that trial tactics are not reviewable in a collateral proceeding, such as a post conviction hearing. *Gopshes v. Warden,* 237 Md. 625; *Slater v. Warden,* 233 Md. 609; *Hall v. Warden,* 224 Md. 662.

The petitioner further alleges that his trial counsel was incompetent in that he (a) refused to summon the other two arresting officers to refute Officer Marcinko's testimony; (b) advised petitioner to lie to the trial court about certain matters; (c) refused to offer into evidence certain character references which petitioner presented to him; and (d) refused to obtain a mental examination of Mays, the codefendant, as requested by petitioner. Judge Harris heard the petitioner's evidence on these contentions and made factual findings to the effect that they could not be sustained, and his findings thereon are accordingly approved.

*Application denied.*