## GOPSHES *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 72, September Term, 1965.]

*Decided December 20, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

In this application for leave to appeal under the Post Conviction Procedure Act, the petitioner seeks relief from his judgment of conviction of assault with intent to commit rape. On direct appeal, the judgment was affirmed, *Gopshes v. State,* 232 Md. 208, 192 A. 2d 500 (1963). In his first application for post

conviction relief, he contended that his trial counsel was inept. After a hearing in the Circuit Court for Howard County, Judge Evans denied the application. We affirmed, *Gopshes v. Warden,* 237 Md. 625, 206 A. 2d 243 (1965). Petitioner now contends that he was denied his constitutional rights because he was not represented by counsel during all stages of the pretrial proceedings, including before and during police interrogation. He argues that, under recent Supreme Court decisions, he need not show how he was prejudiced. His application was denied by Judge Weant. We affirm the order of denial.

The petitioner pled not guilty at his arraignment on February 9, 1962 in the Circuit Court for Anne Arundel County. On March 21, 1962 he elected a jury trial and requested a change of venue. Two days later the case was removed to the Circuit Court for Howard County. His counsel entered his appearance prior to the trial.

There is no allegation or showing that the petitioner made any statement to the police or that any evidence as a result of police interrogation was introduced at the trial. Under the law of this state, the police are not required to obtain counsel for the accused prior to interrogation. *Hyde v. State,* 228 Md. 209, 179 A. 2d 421 (1962), *cert. denied* 372 U. S. 945 (1963); *Cowans and Hayes v. State,* 238 Md. 433, 209 A. 2d 552 (1965).

Where a defendant enters a plea of not guilty at the preliminary hearing, the preliminary hearing is not such a critical stage as to require the presence of counsel. *Bonner v. Director,* 237 Md. 445, 446, 206 A. 2d 708 (1965); *Fabian v. State,* 235 Md. 306, 319, 201 A. 2d 511, *cert. denied* 379 U. S. 869 (1964).

In Maryland, an arraignment is not a critical stage of the proceedings at which counsel for the accused must be present so long as no prejudice results to the accused. *Ramsey v. State,* 239 Md. 561, 568, 212 A. 2d 319 (1965). In *Ramsey* the trial court entered a plea of not guilty for the unrepresented defendant. A jury trial, as in the present case, was elected, but we noted that this election could be changed by the defendant anytime before trial.

Petitioner apparently relies on *White v. Maryland,* 373 U. S. 59 (1963). In reversing the conviction in that case, the Supreme Court commented that it did not stop to examine whether

prejudice resulted from lack of counsel at the preliminary hearing, but as the Court stated, the defendant's original guilty plea was introduced in evidence at his trial. *White* is not applicable. See *Lumpkin v. Director*, 233 Md. 606, 195 A. 2d 592 (1963) and *Arrington v. Warden*, 232 Md. 672, 674-75, 195 A. 2d 38 (1963).

*Application denied.*