# PAUL NORMAN RAMSEY *v*. WARDEN, MARYLAND PENITENTIARY

[No. 34, Initial Term, 1967.]

*Decided March 1, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

THOMPSON, J., delivered the opinion of the Court.

On September 14, 1964, Ramsey was convicted in the Circuit Court for Prince George's County of robbery with a deadly weapon by a jury, Judge J. Dudley Digges presiding, and was sentenced to eighteen years in the Maryland Penitentiary. Judg-

ment and sentence was affirmed by the Court of Appeals of Maryland in *Ramsey v. State,* 239 Md. 561, 212 A. 2d 319.

Ramsey filed a petition for relief under the Uniform Post Conviction Procedure Act through counsel. A hearing was held April 27, 1966, before Judge Robert B. Mathias. He was denied relief in an Oral Opinion and in a further Memorandum and Order of Court which was filed June 6, 1966. Counsel, on behalf of the Petitioner, filed an application for leave to appeal on June 30, 1966, stating five grounds for relief. The Court of Appeals of Maryland, by order passed January 6, 1967, referred this case to this court for disposition.

Ramsey's fifth contention raises the fact that the grand and petit juries which indicted and tried him, were invalid under the case of *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475. Judge Mathias found that the failure to raise this question in the direct proceedings resulted in a waiver. The Court of Appeals, in *Ramsey v. State, supra,* filed its opinion on July 29, 1965. Under Supreme Court Rules, Rule 22 (1) Ramsey had ninety days in which to file a petition for the writ of certiorari with the Supreme Court of the United States. No such petition was filed. The opinion in *Schowgurow v. State, supra,* was filed on October 11, 1965; thus Ramsey had time in which to file his petition with the Supreme Court of the United States and in direct proceedings raise the point now raised.

Soon after Judge Mathias' opinion was filed denying Ramsey's petition, the Court of Appeals reached a contrary result in *Terry v. Warden,* 243 Md. 610, on almost identical facts. On page 612 of the opinion the court said:

> "After our decision in *Hopkins and Terry v. State, supra,* on July 16, 1965, the petitioner had ninety days in which to petition the Supreme Court for certiorari (see 28 U.S.C. Sec. 2101 (d) ; rule 22, Rules of the United States Supreme Court), and thus at the date of the *Schowgurow* decision petitioner Terry still had three days remaining before the judgment against him became final. Although Terry never petitioned the Supreme Court for certiorari this would not affect the applicability as to him of the principle enunciated in *Schowgurow,* since the test is not whether the case is

final as of the date he seeks relief, but whether his conviction was final at the time the *Schowgurow* decision was rendered."

It is not now necessary to discuss Ramsey's remaining contentions.

> *Application for leave to appeal granted and case remanded for further proceedings in conformity with this opinion.*