MARY I. KOPRIVICH *v.* STATE OF MARYLAND

[No. 57, Initial Term, 1967.]

*Decided April 10, 1967.*

The cause was argued before ANDERSON, MORTON, and ORTH, JJ., and MACGILL, J., Chief Judge of the Fifth Judicial Circuit, specially assigned, and JENIFER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan,* on the brief, for appellant.

*Jon F. Oster, Assistant Attorney General,* with whom were *Thomas B. Finan, former Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, Mary Ilene Koprivich, was tried and convicted in the Criminal Court of Baltimore by Judge Meyer M. Cardin of receiving stolen goods and sentenced to three years in the Maryland Reformatory for Women. Prior to her conviction she expressly waived any defects in her 1964 indictment which may have existed as a result of *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965). She now appeals from her sentence and conviction.

Sometime between 6:00 p.m. August 1, 1964, and 7:00 a.m. August 3, 1964, the Hertz Rental Company, 6601 Pulaski Highway, Baltimore, Maryland, was broken into and a Mossler

metal safe containing either $349.57 or $349.62 and other business documents was stolen from the premises. Mary Koprivich and her husband Nick were arrested at approximately 10:30 a.m. August 25, 1964, after the issuance of valid warrants for their arrest. Nick Koprivich was taken to the police station and Mary Koprivich and a police officer returned to her home where a search was conducted pursuant to a valid search warrant. Upon their return to the police station, Mary Koprivich was interrogated, at which time she gave her statement describing the events surrounding the theft and admitting she received $150.00 in bills and rolls of change from her husband, which he had obtained from the safe. She also admitted she spent part of the money for her sister's car payment and to buy food at the A & P Tea Company. Her statement was typed by Policewoman Fox, who was present at the interrogation, and was signed by Mary Koprivich on each page. Officer Goddard was also present during the interrogation conducted by Sergeant Fialkewicz and both officers testified at the trial.

Sergeant Fialkewicz testified that Mary Koprivich's statement was taken on August 25, 1964 at 1:45 p.m. and ended at 2:35 p.m., that she made the statement voluntarily, that no promises, rewards or immunities were offered to her and that she gave her version of what happened. He also testified that he asked her if she would sign a typewritten statement and that she agreed to do so, that she checked the statement and signed each page and that as she was reading the statement, or as it was being read to her, if she came to a word which she did not understand, he explained the meaning of the word to her.

Mary Koprivich testified that she did not ask to call a lawyer, that after talking to her for a while Sergeant Fialkewicz left the room and that she did not recall how long he was gone, but that upon his return to the room he told her that he had talked to her husband, and Sergeant Fialkewicz said, " 'Mary, I want you to tell me the truth. I just got done talking to Nick, and Nick told me that you burned the stuff in the basement' ", * * * " 'Why don't you own up to it and sign this statement'." She also testified that when she asked Sergeant Fialkewicz if she could call or see her children he replied, " 'When you get done, you will go to see your children' ", that

she told Sergeant Fialkewicz she could not read and that she only went to the third grade, that she did not understand what Sergeant Fialkewicz read to her and that she would have signed anything to get back to her children.

Officer Goddard testified that he was present the entire time that Mary Koprivich was making her statement, that no promises, rewards, or immunities were offered to her, that no threats or force were used, that the statement was voluntary, and that no remark was made by Sergeant Fialkewicz that if she gave a statement she would be permitted to go home to her children.

The appellant raises three issues on this appeal, namely: (1) that her statement should not have been allowed into evidence; (2) that defendant's Motion for a Judgment of Acquittal should have been granted; and (3) that the verdict was against the weight of the evidence.

As to the first issue, the test by which the court is to measure the admissibility of an extrajudicial statement (or confession) is whether the statement was made freely and voluntarily and at a time when the accused knew and understood what she was saying. *Hadder v. State,* 238 Md. 341, 209 A. 2d 70 (1965); *Wiggins v. State,* 235 Md. 97, 200 A. 2d 683, cert. den. 379 U. S. 861 (1964); *Bryant v. State,* 229 Md. 531, 185 A. 2d 190 (1962). (It should be noted at this point that the United States Supreme Court in *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694 on June 13, 1966 enunciated certain procedural safeguards which are prerequisites to the admissibility of any statement made by a defendant in the custody of the police. On June 20, 1966, in *Johnson v. New Jersey,* 384 U. S. 719, 16 L. Ed. 2d 882, the Supreme Court held that *Miranda* need apply only to those cases in which trial began after June 13, 1966. In *Westfall v. State,* 243 Md. 413, 221 A. 2d 646 (1966), the Court of Appeals held that it would not apply *Miranda* retroactively).

The appellant bases her contention on the fact that she had only progressed to the third grade in school, that she was under obvious strain and stress, in that she was concerned about her children and her husband and that, therefore, there existed sufficient psychological pressure upon her to the point she could

not intelligently, of her own free will, volunteer a statement that was not based on fear or duress. No citation of authority is made to support this proposition, nor would the facts, as adduced herein, support such a holding. In *Wiggins v. State, supra,* the appellant contended that his confession was inadmissible because he was a heavy drinker and after several days in police custody without alcohol he suffered from delirium tremors during which he had hallucinations. The Court of Appeals held that the crucial question was not whether the defendant was suffering from the effects of withdrawal from excessive alcoholic indulgences when he made his disclosure to the police, but whether they were freely and voluntarily made at a time when he knew what he was saying. See also *Bryant v. State, supra.* In *Hadder v. State, supra,* the appellant contended his physical condition was such that any statements made by him must be determined to be involuntary. The Court of Appeals held that his physical condition and circumstances under which the disclosures were made could be considered in determining what *weight* to give the statement (or confession), but that to determine its admissibility the crucial test is whether the disclosure was made freely and voluntarily and at a time when the accused knew and understood what he was saying. In light of the facts in this case, Mary Koprivich's statement clearly meets this test. She was no stranger to the legal process due to prior encounters with the police. She was informed of the nature and consequences of her statement by Sergeant Fialkewicz when he warned her that anything she said might be used against her. With full knowledge of this possibility she chose to reveal the facts. The statement was taken shortly after her arrest and the interrogation period, including the time taken to type the statement, took one hour and five minutes. After her oral statement was reduced to writing, the entire statement was read to her, as she followed along with a copy provided her, and the testimony indicated when a question came up as to its contents it was fully answered and explained. After the reading, she chose of her own free will to sign each page indicating as she did so that she fully understood the statement. Her claim that she was promised she could see her children after she signed the statement is

refuted by the two police officers who were present, whom Judge Cardin chose to believe. The points raised concerning the appellant's lack of education and fears for her children as affecting her state of mind go only to the weight to be given the statement by the trier of fact.

The appellant also urges that her statement should not have been admitted because she was not represented by counsel when the statements were made. No cases have been cited in support of this position. The Court of Appeals has fully considered this issue as applied in *Escobedo v. Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977 (1964). See *Mefford v. State*, 235 Md. 497, 201 A. 2d 824, cert. denied, 380 U. S. 478 (1964); *Blackburn v. Maryland*, 380 U. S. 937, 85 Sup. Ct. 944, 13 L. E. 2d 825 (1964); *McCoy v. State*, 236 Md. 632, 204 A. 2d 565 (1964); *Bichell v. State*, 235 Md. 395, 201 A. 2d 800 (1964); *Sturgis v. State*, 235 Md. 343, 201 A. 2d 681 (1964); *Thiess v. State*, 235 Md. 541, 201 A. 2d 790 (1964). In this case there was no request to call counsel, no denial of the right to see counsel, and the statement was made within approximately four hours of her arrest, most of this time being spent searching her house. See also *Hadder v. State, supra.*

We hold, therefore, that since the lower court is vested with sound discretion with respect to matters relating to the reception or rejection of evidence and since there was no abuse of this discretion, the statement was properly admitted. *Grammer v. State*, 203 Md. 200, 100 A. 2d 257, cert. denied, 74 S. Ct. 634 (1963).

The second and third issues raised by the appellant will be treated together, the determination resting on whether there was sufficient evidence to support the guilty verdict.

The general rule, well established in this State, is that an extrajudicial confession or statement of the accused does not warrant a conviction, unless there is, also, independent evidence to establish the corpus delicti. *Hadder v. State, supra; Cooper v. State*, 220 Md. 183, 152 A. 2d 120 (1957); *Pierce v. State*, 227 Md. 221, 175 A. 2d 743 (1961). This is because the trier of fact in a criminal prosecution must be convinced beyond a reasonable doubt, and an extrajudicial confession or statement, without proof of the corpus delicti, is insufficient, as a matter of law, to establish guilt beyond a reasonable doubt.

154

The sufficiency of this independent evidence of the corpus delicti is to be determined by the facts and circumstances of each particular case. *Keyes v. State,* 236 Md. 74, 202 A. 2d 582 (1964). And it need not establish, by itself, the truth of the corpus delicti beyond a reasonable doubt or by a preponderance of proof, but any facts and circumstances that are substantial in nature and fortify the truth of the confession or statement are sufficient to support a conviction. *Hadder v. State, supra; Cooper v. State, supra.*

It is clear that in this case sufficient facts and circumstances do exist. After appellant was arrested, she returned to her home with Sergeant Fialkewicz and showed the burglary tools to him as well as the exact spot where the safe was opened. The empty safe was subsequently found by the Baltimore County Police in a ditch in Baltimore County. Its front door and other parts were found in Baltimore City. Further, it was stipulated that appellant's son, if called to testify, would tell the court that the appellant helped to dispose of the safe.

Since the judgment of the lower court will not be set aside on the evidence, unless clearly erroneous, and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses, the judgment is affirmed. Maryland Rule 1086.

*Judgment affirmed.*