## RODERIC EARL GRAY *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 18, September Term, 1967.]

*Decided November 15, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an Order of March 14, 1967, by Judge Shirley B. Jones, sitting in the Criminal Court of Baltimore, denying Roderic Earl Gray's application for relief under the Uniform Post Conviction Procedure Act.

On July 29, 1965, the applicant was found guilty of rape and assault with intent to murder before Judge Perrott, sitting without a jury, in the Criminal Court of Baltimore. Applicant was sentenced to not more than twenty years in the Maryland Correctional Institution for Males on the rape conviction and to not more than ten years in the Maryland Correctional Institution for Males on the assault with intent to murder conviction, to run consecutively. On May 4, 1966, applicant was adjudged a defective delinquent in a hearing before Judge Cullen.

Applicant's various contentions can be combined as follows:

1. He was not advised of his constitutional rights as they were understood to be at the time of his arrest and interrogation.

2. A new trial would amount to double jeopardy.

3. At his hearing he raised the additional point that he was without an attorney at his preliminary hearing.

414

Applicant's first contention here encompasses contentions 1, 2, 4, 5 and 6 of the written petition, namely, he was denied the right to make a phone call to his family while he was being held and interrogated; he was not advised of his right to counsel and of his right to remain silent; and that he was beaten by the police as a result of which he gave a confession. (At the hearing, applicant related the cruel and unusual punishment allegation of his written petition to the treatment in the police station and not to the sentence imposed). Applicant was tried on July 29, 1965; therefore, the standards set down in *Miranda v. Arizona,* 384 U. S. 436, decided on June 13, 1966, do not apply, since *Miranda* is not retroactive. *Norris v. Warden,* 1 Md. App. 69 (1967) ; *Palmer v. Warden,* 245 Md. 673 (1967).

The standards set down in *Escobedo v. Illinois,* 378 U. S. 478, are applicable since that case was decided on June 22, 1964. The record fails to evidence the introduction of the confession into the trial proceedings. Since the confession was not admitted into evidence, the circumstances of the applicant's interrogation by police officers does not come within the facts of *Escobedo. Norris v. Warden, supra.* The contention is devoid of merit.

Applicant's second contention is without merit. The double jeopardy protection of the Fifth Amendment is not transmitted to the States through the Fourteenth Amendment. *Nixon v. Director,* 1 Md. App. 14 (1967). In the event of a finding that the trial court had committed error, a new trial may be granted, without infringing upon the common law rule against double jeopardy. *Ruckle v. State,* 230 Md. 580 (1963) ; *Willis v. Warden,* 220 Md. 692, 694 (1959).

Applicant's third contention is without merit. The lack of counsel at the preliminary hearing is not grounds for post conviction relief where a not guilty plea is entered. *Bonner v. Director,* 237 Md. 445 (1965) ; *Arrington v. Warden,* 232 Md. 672 (1963). As in the present circumstances involving a plea of not guilty, the preliminary hearing was not a crucial stage of the proceedings and the absence of an attorney was not prejudicial. *Baldwin v. Warden,* 243 Md. 326 (1966) ; *Gopshes v. Warden,* 240 Md. 732 (1965) ; *Bonner v. Director, supra.*

*Application denied.*