THOMAS R. ARCHER *vs.* THE STATE OF MARYLAND.

*When an Appeal will not lie—Motion in Arrest.*

In criminal, as well as in civil cases, no appeal will lie from the overruling of a motion for a new trial; the granting or refusing of such motion being entirely within the discretion of the Court.

Where the record transmitted to the Court of Appeals, does not disclose the ground relied on upon a motion in arrest of judgment, the ruling of the Court below thereon will be affirmed.

APPEAL from the Circuit Court for Harford County.

The appellant was indicted for an assault with intent to murder. He pleaded not guilty, was tried by a jury and convicted. On the day following his conviction, he moved for a new trial, assigning as reasons for his motion, that the verdict was against the evidence, and that the jury empanneled in the case was improperly and illegally selected and summoned. And at the time of filing the foregoing motion, he made a motion that the judgment in the case should be arrested; because the jury empanneled in the case had been improperly and illegally selected and summoned, and for other reasons deemed by him good and sufficient, but not disclosed by his motion. The traverser afterwards moved the Court to set aside the verdict of the jury, and grant him a new trial, and in support of his motion assigned the following reasons:

1st. Because he has not had a fair and impartial trial.

2nd. Because divers, to wit, two of the jurors by whom said verdict was found, were taken and selected from talesmen, whom, by order of the Court, the sheriff was directed to summon from the community at large; and the tra-

verser avers that since the said jurors were sworn and empanneled, he has ascertained that on the return of the sheriff of said jurors summoned by him as talesmen, he did not take in open Court an oath that he had not summoned as a juror any person who had been recommended or requested to be returned by another person, nor did he take the oath prescribed by law for such case made and provided.

3rd. Because since said jury was sworn and empanneled he has ascertained that divers, to wit, twenty of the talesmen, from whom said jurors, or some of them were taken, were selected and returned by the sheriff upon the recommendation and request of one ——— Andrews, and twenty others of said talesmen were selected and returned by the sheriff upon the recommendation of one John Nelson.

4th. Because G. William Hanway, to whom, as sheriff of Harford county, was directed the order to summon talesmen and other jurors from amongst whom the jury was taken and empanneled, by whom said verdict was found, never took the oath of office prescribed by section 6, Article 1, of the Constitution of the State of Maryland, and was not qualified to act as sheriff of said county.

5th. Because the jury empanneled in this case was improperly and illegally selected and summoned and returned, and not lawfully qualified to try the case.

6th. Because when the jury came into Court to render their verdict, the traverser was not called, and the verdict was rendered and recorded without his being called or having answered.

Upon the hearing of the motion for a new trial, and in arrest of judgment, the following facts were proved: Only four jurors from the regular panel were sworn as jurors at the trial of the case. The Court, thereupon, ordered the sheriff to summon one hundred talesmen, whose names were drawn in due form from the box, as

directed by the Act of 1867, ch. 329, sec. 4.   These tales-men were summoned, and six additional jurors were selected from them.   The Court then ordered the sheriff to summon thirty-eight additional talesmen, whose names were drawn from the box, and who were summoned, but none of them were found qualified to act as jurors.   The Court then ordered fifty additional talesmen to be sum-moned from the community at large, and returned by the sheriff; and the number required to complete the jury was thus obtained.   G. William Hanway, acting as sheriff of Harford County, summoned and returned the jurors and talesmen who formed the jury in the case. The said Hanway had never taken any oath, as sheriff of Harford County, except the following :

"I do swear that I will support the Constitution of the United States, and that I will be faithful and bear true allegiance to the State of Maryland, and that I will, to the best of my skill and judgment, diligently and faith-fully execute the office of sheriff of Harford County, according to the Constitution and laws of this State.   And I declare my belief in the existence of God."

It was also proved that the said Hanway, upon making the return of jurors and talesmen to the May Term, 1876, of Harford County, did not take the oath prescribed by sec. 6 of Art. 88 of the Public General Laws of the State, or any other oath in relation to said return.

It was also proved that when the said G. William Han-way, so acting as sheriff, received the order of the Court directing him to summon fifty talesmen from the com-munity at large, he asked John N. Nelson and William Andrews to give him the names of reliable men in their districts; and that they each gave him the names of twenty or thirty persons, from whom he selected and sum-moned forty of the talesmen returned by him in the case.

The traverser made oath that he did not know, until the trial of his case was concluded, that Hanway had not

taken the oath of office, as sheriff of Harford County, prescribed by the Constitution of the State; nor did he know that said Hanway, when he returned the talesman summoned in the particular case, had not made oath that he had not summoned or returned as jurors, any person or persons who had been recommended by any other person; nor did he know, until after his trial, that any person had in fact recommended any persons as jurors or talesmen, from whom the jury sworn in this case was in fact selected.

The Court (WATTERS, J.,) overruled the motions for a new trial, and in arrest of judgment, and the traverser excepted. He thereupon embodied the foregoing facts in a bill of exceptions, which was duly signed and sealed by the Court, and took this appeal.

The cause was submitted to BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*William Young* and *Henry W. Archer*, for the appellant.

*Attorney General Gwinn*, for the appellee.

GRASON, J., delivered the opinion of the Court.

After a verdict of conviction in this case, the appellant filed motions for a new trial and in arrest of judgment, both of which were overruled, and this appeal was taken. The facts which were relied upon by the counsel of the appellant for a reversal of the ruling of the Court below on the motion for a new trial, are contained in a bill of exceptions, and all of them were offered in proof, not during the trial of the indictment, but upon the motion for a new trial. It is very clear that no such bill of exceptions is authorized by law. The Act of 1872, chap. 316, authorizes bills of exceptions in criminal cases as were theretofore practiced within this State in civil cases. In civil cases no bills of exceptions have been ever allowed

on motions for new trials, and the rulings of Courts upon such motions are entirely within their discretion, and from them no appeal lies to this Court. *Sauer vs. Schulenberg,* 33 *Md.,* 289; *Balto. City Passenger Railway Co. vs. Sewell,* 35 *Md.,* 249, 250; *Sittig vs. Birkestack,* 38 *Md.,* 165; *Merrick vs. Balto. & O. R. R. Co.,* 33 *Md.,* 481. The bill of exceptions not being properly before this Court, and the ruling of the Circuit Court upon the motion for a new trial, not being subject to review by this Court, this appeal, so far as that motion is concerned, must be dismissed. As those rulings, however, involve questions of practice, we have no hesitation in saying that we should affirm them if they were properly before us for review.

The only ground relied on upon the motion in arrest, is that the appellant was not called and did not answer before the verdict was rendered. Whether this be so or not is not shown by the record, and as a motion in arrest lies only for defects and errors apparent upon the face of the record, and none appears upon the record in this case, the ruling of the Circuit Court upon this motion will be affirmed. We do not mean to say however that even if the record did show that the defendant in an indictment for a misdemeanor, had not been called and had not answered, that the verdict would be thereby affected, the decision of that question in this case not being necessary.

> *Appeal from the ruling of the Circuit Court upon the motion for a new trial dismissed, and on the motion in arrest the ruling is affirmed, and the cause remanded.*