# GIVNER *v.* STATE

[No. 152, October Term, 1954.]

2

*Decided July 14, 1955.*

*Motion for rehearing filed August 13, 1955, denied October 4, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON AND HAMMOND, JJ.

*Eugene Hettleman* and *Joseph Hettleman* for the appellant.

*Norman P. Ramsey, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City,* and

*James W. Murphy, Assistant State's Attorney,* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant, Charles Givner, was tried before a justice of the peace, sitting as a police magistrate in the City of Baltimore, on a charge of assault by taking hold of a young woman. The alleged offense occurred on July 1, 1954, and the hearing took place on July 3, 1954. The accused was represented by counsel (not his present counsel). The magistrate called the case and asked if the accused was ready for hearing. His counsel replied that he was. The magistrate then inquired whether the defendant wanted to be tried by him (the magistrate) or wished to pray a jury trial. Through his counsel the defendant elected to be tried before the magistrate and entered a plea of "not guilty." After a hearing the magistrate found him guilty and sentenced him to six months in jail. The defendant then appealed to the Criminal Court of Baltimore City. There he was also represented by counsel (still not his present counsel) and elected to be tried by the court without a jury. He was again convicted and again sentenced to six months' imprisonment. This sentence was stricken out two days later pending a motion for a new trial.

Thereupon, the defendant, through one of his present counsel, filed a motion for a new trial. This motion was heard by the Supreme Bench of Baltimore City in which tribunal jurisdiction is vested to hear such motions pertaining to trials in the Criminal Court of Baltimore by Section 33 of Article 4 of the Constitution. The motion was denied. Subsequently, on November 22, 1954, the defendant was sentenced by the Criminal Court to ninety days' imprisonment.

Thereafter, on December 1, 1954, the defendant filed what he designates as a writ of error. This is based upon several alleged errors on the part of the Supreme Bench of Baltimore City in refusing to allow the defendant to require the production by subpoena of police records and

4

of juvenile court records relating to the young woman who made the charge of assault and in refusing to allow her and her brother to be summoned to appear and to testify before the Supreme Bench on the defendant's motion for a new trial. The defendant contended that these witnesses had perjured themselves as to a number of matters.

On February 5, 1955, the defendant filed in this Court a petition for a writ of *certiorari,* the grounds for which to some extent overlapped the grounds of complaint set forth in his "writ of error", but this petition added other attacks upon the procedure followed by the Supreme Bench. This petition sought review of the action of the Supreme Bench under Code (1951), Article 5, Section 105. That Section authorizes this Court to review a final judgment of a Circuit Court of any County or of any Court of the City of Baltimore rendered upon an appeal from a Justice of the Peace, in either a civil or criminal case, if (1) such review "is necessary to secure uniformity of decision" or (2) "there are other special circumstances rendering it desirable and in the public interest that the case should be reviewed." Not finding either ground for review to be present, this Court denied the petition for a writ of *certiorari* on February 8, 1955.

It is firmly established that where a Circuit Court in a County, or its equivalent in Baltimore City, in hearing an appeal from a justice of the peace, acts, not in the exercise of its common law jurisdiction, but as a court of special jurisdiction, its judgment, within the limits of the special jurisdiction conferred upon it, is not only binding but final. *Robb v. State,* 190 Md. 641, 60 A. 2d 211; *Lambros v. Brown,* 184 Md. 350, 41 A. 2d 78; *Brack v. State,* 187 Md. 542, 51 A. 2d 171; *Rayner v. State,* 52 Md. 368.

The general rule is also firmly established that the granting or refusal of a new trial lies within the sound discretion of the trial court and that no appeal will lie from its action thereon. See (among a dozen or so Maryland criminal cases which might be cited) *Archer v. State,* 45 Md. 457; *Haley v. State,* 200 Md. 72, 88 A. 2d 312;

*Williams v. State,* 204 Md. 55, 102 A. 2d 714; *Madison v. State,* 205 Md. 425, 109 A. 2d 96.

Because of our discretionary right to review on *certiorari* cases originally tried before a magistrate and appealed to the Circuit Court of a County or to an appropriate Court of Baltimore City, we think it unnecessary to pass upon the distinction suggested by the State between cases in which there is a right of appeal to this Court and cases in which there is no such right. Cf. *Board of Medical Examiners v. Steward,* 207 Md. 108, 113 A. 2d 426, where the decision of the Circuit Court was final and we therefore could not review its decision (sitting as a Court *en banc*) that it lacked jurisdiction.

The appellant does not dispute either of the general rules stated above but seeks to avoid their application on the ground that the Supreme Bench abused its discretion in refusing to permit him to summon the two principal witnesses for the prosecution to testify at the hearing of his motion for a new trial or to summon the custodians of certain records to produce such records, all for the purpose of attacking the credibility of the two principal witnesses against him. The points upon which their veracity was attacked and the bases for the attack were, however, contained in documents submitted to the Supreme Bench through a petition and affidavit.

In support of his position on this matter the appellant relies upon the cases of *Roth v. House of Refuge,* 31 Md. 329, and *W. B. & A. E. R. Co. v. Kimmey,* 141 Md. 243, 118 A. 648.

The only passage in the opinion in the *Roth* case which could be of any assistance to the appellant is one which recognizes that if the Supreme Bench should exceed its jurisdiction, its action would be subject to review on appeal. Since it is clear that under the Constitution of Maryland (Article 4, Section 33, above referred to) the Supreme Bench had jurisdiction to hear and determine the motion for a new trial, the passage referred to in the *Roth* case is not applicable. The actual holding of the case is of no help to the appellant since this Court dis-

missed appeals from the action of the Supreme Bench upon matters which were held to be within its jurisdiction.

The case of *W.B. & A. E. R. v. Kimmey, supra,* involved the action of the trial court in declining to consider, on a motion for a new trial, newly discovered evidence presented by affidavit, which had not been available to the appellant at the time of the trial. This refusal (which was based upon the application of a rule of court which the Court of Appeals held had been waived) was held to constitute reversible error.

In the instant case, the appellant filed a petition with the judge who presided at this trial in the Criminal Court seeking a recommendation from him to the Supreme Bench that a new trial should be granted. The judge declined to make such a recommendation, but directed that the petition be transmitted to the Supreme Bench together with the other papers in the case. This was done. The gravamen of the appellant's motion for a new trial was that the principal witnesses for the prosecution had given untrue or perjured testimony on a number of matters which were set forth in detail in the petition. All of these instances, as the appellant's brief shows, were brought to the attention of the Supreme Bench. It seems perfectly evident that the Supreme Bench considered the purport and possible effect of this evidence; and the inference is strong (even in the absence of any opinion of the Supreme Bench) that that tribunal found the new evidence insufficient to warrant the granting of a new trial. In this we find no basis upon which to impute to the Supreme Bench any abuse of its discretion or any refusal to receive and consider evidence supplied by affidavit. It may be noted that in the *Kimmey* case, the evidence rejected, if it had been received and considered, would almost surely have resulted in the granting of a new trial. A review of the *Kimmey* case and of many authorities will be found in Judge Henderson's opinion in *Snyder v. Cearfoss,* 186 Md. 360, 46 A. 2d 607, in which an appeal from a motion granting a new trial was dismissed.

The use of affidavits as a means of presenting the substance of newly discovered evidence as the basis for seeking a new trial was at least tacitly approved in the *Kimmey* case, upon which the appellant relies; and we find no merit in his contention that on the hearing of the motion for a new trial the Supreme Bench ought to have permitted him to attack the credibility of the chief witnesses for the prosecution by examining or cross-examining them as witnesses before that tribunal. The constitutional provision giving the Supreme Bench jurisdiction to hear motions for new trials in criminal cases also gives that Bench broad powers to make "all needful rules and regulations for the hearing before it of all**[such] matters." See *Roth v. House of Refuge, supra*. The appellant's contention would, as a practical matter, convert a hearing on a motion for a new trial into a trial *de novo*. We do not think that there is any reason for doing so. See *Winkler v. State,* 194 Md. 1, 69 A. 2d 674, *cert. den.,* 339 U. S. 919, which arose before this Court was empowered to consider the sufficiency of the evidence in a criminal case to sustain a conviction. In that case a review by the Supreme Bench on a motion for a new trial of the testimony taken during the original trial was held to meet all constitutional requirements of fairness in passing upon the facts. That case also seems to approve the practice which the present appellant challenges— that the judge who hears the case when it is tried does not sit as a member of the Supreme Bench at the hearing of the motion for a new trial.

We have gone into matters pertaining to the appellant's motion for a new trial more extensively than may be necessary in connection with this appeal. They were also considered in passing upon the appellant's petition for a writ of *certiorari,* as to which no opinion was required or filed. Having gone into these matters we have found no abuse of its discretion by the Supreme Bench and no assumption by it of jurisdiction not vested in it. The case stands then simply as one in which the accused, who was represented by counsel at every stage of the proceed-

8

ings, elected to be tried by the magistrate in the first instance, and then appealed from an adverse decision to the Criminal Court of Baltimore, which was acting in the exercise of a special and limited appellate jurisdiction. There was no lack of jurisdiction in the magistrate, there was no lack of jurisdiction in the Criminal Court of Baltimore, and there is no right of appeal from its judgment. It follows that the motion to dismiss the appeal must be granted.

*Appeal dismissed, with costs.*