THOMAS *v.* STATE

[No. 141, September Term, 1957.]

*Decided February 28, 1958.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Lee S. Gillis* and *John Clarence North* for the appellant.

Submitted on brief by *C. Ferdinand Sybert, Attorney General, Joseph S. Kaufman, Assistant Attorney General,* and *C. Burnam Mace, State's Attorney for Dorchester County, for* the appellee.

HAMMOND, J., delivered the opinion of the Court.

A jury found that Enoch Thomas had bought copper wire, stolen from the Eastern Shore Public Service Company,

knowing it to be stolen on various occasions over a period of months. The indictment was in seventeen counts. Some charged larceny of wire above the value of $100.00, some charged larceny of wire below the value of $100.00; others charged, respectively, receiving stolen wire of a value above $100.00 and receiving such wire of a value less than $100.00. The offenses are alleged to have occurred between April and July of 1956; time and value are specified in each count. Generally, both larceny and receiving are charged as to each lot of wire involved.

Thomas moved seasonably for dismissal of the indictment because the seventeen counts alleged "separate and distinct offenses as of different dates, some of those alleged amounting to felonies and others alleged amounting to misdemeanors * * *." In the alternative, he moved that the State be required to elect the count on which it would try him. The court denied the motion. At the end of the testimony the State entered a *nolle prosequi* to each of the counts that charged larceny, and the case went to the jury on the counts that charged receiving stolen goods.

After conviction, a motion for a new trial was filed, relying on the claim that the chief prosecuting witness, who had stolen the goods and sold them to Thomas, was, at the time of the trial, confined to Patuxent Institution as a defective delinquent and, therefore, "the testimony of the said prosecuting witness would be null and void and inadmissible * * *." The trial judge considered a letter from the Director of Patuxent Institution, which said that the witness had a low intelligence quotient, poor judgment, and a childish and limited mentality, but which also said that according to the law of Maryland "he would be considered a responsible agent and accordingly would be considered competent to testify in court."

In his opinion, the court, recalling the trial, said of the witness: "it was obvious that he was a man of small mentality" and added that during none of his rather extensive testimony "did it occur to this Court that he was suffering from any mental disease and it apparently did not occur to defense counsel." He concluded that "The jury listened to

that testimony and could evaluate it" and that "There was other testimony corroborative of that of Bradshaw which was certainly strong enough, positive enough and close enough to the defendant in this case to warrant a conviction when taken into connection with Bradshaw's testimony."

Thomas seeks relief in this Court on the two claims that the court erred (a) in refusing to dismiss the indictment or to require election and (b) in refusing to grant a new trial. It is plain that both claims are bare bones that can furnish no appellate nourishment for Thomas.

No appeal lies from the refusal to grant a new trial, and this Court will not review the action of the trial court in this respect since it is based on the exercise of his discretion. *Williams v. State,* 204 Md. 55, 66. What has been said above shows that Judge Henry gave full consideration to the relevant facts and, in his sound discretion, decided they did not justify a new trial. There is nothing in what he did or decided in this aspect of the case for us to pass on.

There is no more sustenance to the other of appellant's contentions. The rule of Maryland is that distinct offenses may be charged in one indictment by the joinder of several counts, each of which makes a separate and complete accusation of a single crime. The rule and its safeguards are succinctly summarized in *Simmons v. State,* 165 Md. 155, 165: "So, the prevailing practice is that not only counts for misdemeanors may be joined, but, also, counts for several felonies, and, likewise, counts for felony and misdemeanor, subject to the qualification that, generally, the different counts present different aspects of the evidence of the same offense or, if not of the same offense, the offenses charged are of the same general nature and permit the same mode of trial. The matter of a misjoinder is generally left to the discretion of the trial court, and the courts will guard against injustice and abuse whenever apparent, and not permit such a joinder of counts as will embarrass the traverser in his defense by, in the court's sound discretion, quashing the indictment, permitting a *nolle prosequi* as to a count or counts, or compelling the prosecution to elect on which count or counts to proceed."

It is manifest that the charges in the indictment in this

562

case were "of the same general nature" and that they permitted "the same mode of trial."

No prejudice to the appellant has been shown and no abuse of the trial court's discretion.

*Judgment affirmed, with costs.*