## REEVES *v.* STATE

[No. 152, September Term, 1960.]

Decided March 13, 1961.

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Charles H. Wheatley, III,* for the appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Charles E. Moylan, Jr., Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The trial court, sitting without a jury, found the appellant guilty of rape and sentenced him to life imprisonment in the penitentiary. On this appeal he presents three questions: (1) Did the Court abuse its discretion in failing to require the production of the bottle neck and fragments as required by a *subpoena duces tecum* when the same were essential to the State's case, thereby making a complete consideration of a motion for new trial impossible; (2) was the Court sitting as a trier of the facts misled by the inaccurate statement of material facts by the State and its witnesses so that the appellant was precluded from receiving a trial free from prejudicial error; and (3) did the appellant receive an adequate defense as required by due process under the 14th Amendment of the United States Constitution?

As to the first question, the appellant contends that the Supreme Bench of Baltimore City, in hearing the motion for

new trial, abused its discretion in not considering and viewing the fragments of the broken pint Vodka bottle which was the weapon employed to intimidate the victim and to cause her submission. The record does not affirmatively show that the broken bottle fragments were introduced at the trial but their size and condition were described and the fact that no fingerprints were found on them or anywhere in the victim's apartment was revealed. At that time it was reported that the fragments had been lost, but it later developed that the police had the fragments and the appellant obtained a photograph thereof, which was included in the transcript although not put in evidence below. Moreover, the appellant in his defense, relied not upon the consent of the victim, but upon insufficiency of identity. From the above facts we can find no prejudice in the absence of the bottle fragments at the hearing of the motion for a new trial. *Winkler v. State,* 194 Md. 1, *cert. den.,* 339 U. S. 919; *Givner v. State,* 208 Md. 1; *Ford v. Warden,* 214 Md. 649; *Thomas v. State,* 215 Md. 558.

The appellant cannot prevail upon the second question. The discrepancy between the prosecutor's opening statement (which was not evidence in this case) and the proof, as disclosed by the record, was only trivial and fully explained by the testimony of the witness, Sergeant Ford. Moreover, the case was tried before the Court without a jury, and we must conclude that he was not misled in any way in evaluating the evidence and reaching his conclusion.

As to the third question, the record discloses that appellant was represented at the trial by two attorneys of his own selection who had considerable experience in the field of criminal law. The Court appointed counsel to represent him at the hearing on the motion for new trial, and likewise he was represented by able counsel on this indigent appeal. We conclude that he was adequately defended at every stage of the proceedings and that there was no violation of due process under the 14th Amendment of the United States Constitution.

*Judgment affirmed.*