## JEROME JULIUS PINKNEY *v.* STATE OF MARYLAND

[No. 323, September Term, 1969.]

*Decided April 6, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Harleigh P. Ewell* (*Robert H. Law* on the brief) for appellant.

*Francis X. Pugh, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, State's Attorney for Prince George's County,* and *Benjamin R. Wolman, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The precise question presented in this case is whether the lower court erred by not applying the proper test as to the sufficiency of the evidence in denying appellant's motion for a new trial. The question requires consider-

ation of basic matters with respect to a motion for a new trial by a defendant who stands convicted of a criminal offense: (1) his right to have the trial court entertain a motion for a new trial; (2) the reasons which may be assigned for the motion; (3) his right to appeal a denial of the motion and the scope of the appellate review.

## THE RIGHT TO A MOTION FOR A NEW TRIAL

A defendant convicted of a criminal offense in a state prosecution has no constitutional right to appellate review of the judgment against him. *Harris v. State,* 6 Md. App. 7, 17. Nor does he have the constitutional right to have the trial court entertain a motion for a new trial. *State v. Giles,* 239 Md. 458, 467; *Brown v. State,* 237 Md. 492, 499. But when such rights are granted by a state, he is protected from invidious discriminations or improper denials with respect thereto by the Due Process and Equal Protection clauses of the federal constitution flowing to the states through the 14th Amendment. See *McCoy v. Warden,* 1 Md. App. 108, 121. In this State a person convicted of a crime has the right to be heard by the trial court in which he was convicted on a motion for a new trial. Although the authorities are not in entire accord as to the origin of the practice of granting new trials, see *Johnson v. State,* 219 Md. 481, 483, it apparently stems from inveterate custom and usage as an inherent power in the trial court. Blackstone recognized the power. Noting that "[t]he practice, formerly in use, of fining, imprisoning, or otherwise punishing jurors, merely at the discretion of the court, for rendering a verdict, contrary to the direction of the judge, was arbitrary, unconstitutional and illegal," he said: "Yet in many instances, where, contrary to evidence, the jury have found the prisoner guilty, their verdict has been mercifully set aside, and a new trial granted." Blackstone's *Commentaries on the Law* (Gavit), Book 4, ch. 27, p. 910. Hochheimer's *Criminal Law* (1st Ed.) states, ch. 26, § 669, p. 216:

"Upon conviction, a new trial may be ordered

by the court, upon its own motion or at the instance of the accused, or any one of several persons accused, at any time before judgment, for any matter extrinsic to the record whereby it appears that there was a defect of substantial justice at the former trial."

Wharton in his *Criminal Law and Procedure* (Anderson), vol. 5, § 2155, p. 347 says flatly, "The accused has a right before sentence to be heard by the court by way of motion for a new trial." But the authorities are in accord that no new trial can be ordered after an acquittal. The statutory law of this State and its Rules of Procedure recognize a motion for a new trial in criminal cases. Code, Art. 27, § 594; Md. Rules 564 c, 567, 759. Code, Art. 27, § 594 prescribes the time a motion for a new trial shall be heard by the court in which the motion is pending. Rule 567 pertains to motions for a new trial in causes at law but is made applicable to criminal causes by Rule 759 a. The statute and the rules deal, in the main, with procedural matters in regard to a motion for a new trial, including the time within which the motion shall be filed, the time within which it shall be heard and that it shall be heard in the court in which it is pending.[1] It is clear that in Maryland a convicted defendant

---

1. Formerly the Constitution of Maryland recognized a motion for a new trial but its provisions were limited to the Supreme Bench of Baltimore City. Art. IV, § 33 provided, *inter alia*, that the Supreme Bench of Baltimore City "* * * shall also have jurisdiction to hear and determine all motions for a new trial in cases tried in any of said Courts [Courts comprising the Supreme Bench of Baltimore City include the Criminal Court of Baltimore, Art. IV, § 27], where such motions arise either, on questions of fact, or for misdirection upon any matters of Law, and all matters in arrest of judgment * * *." The Court of Appeals characterized this constitutional provision as "unusual if not unique", observing that "such authority usually emanates from legislative enactment or inveterate custom usage." *Johnson v. State, supra,* at 483. Code, Art. 27, § 594 and Rule 759 each contained a provision to the effect that the Supreme Bench of Baltimore City shall hear motions for a new trial pending in the Criminal Court of Baltimore. However, Ch. 668, Acts 1965, amended Art. 27, § 594 by abolishing the practice of having such motions decided by the Supreme Bench of Baltimore City and Ch. 667, Acts 1965, added a

in a criminal prosecution has the right to be heard on a motion for a new trial, properly filed by him, in the court in which the motion is pending.[2]

---

new § 262 A to Art. 4 of the Code of Public Local Laws of Baltimore City (1949 Ed.). It provided in relevant part:

> "The judge or judges before whom any case is tried in the Criminal Court of Baltimore (and the several parts thereof as heretofore, or may hereafter be instituted), shall have exclusive jurisdiction to hear and determine, and the said judge or judges shall hear and determine, all motions for a new trial where such motions arise, either on questions of fact or for misdirection upon any matters of law, and all motions in arrest of judgment, or upon any matters of law, determined by the said judge or judges."

Thereupon, Rule 759 was amended 28 March 1966 by deleting the provisions with respect to the Supreme Bench of Baltimore City. And by amendment ratified 8 November 1966 there was eliminated from Art. IV, § 33 of the Constitution of Maryland the provisions for hearing and determining motions for new trial and motions in arrest of judgment. The result is that, today, the Criminal Court of Baltimore has the same jurisdiction over motions for a new trial as does the Circuit Courts in the various counties.

We note that Ch. 40, Acts 1969, effective 1 July 1969, legalized the 1969 Edition of the Code of Public Local Laws of Baltimore City, being Article 4 of the Code of Public Local Laws of Maryland, which "shall be deemed and taken in all the courts of the State * * * to be evidence of the Public Local Laws of Baltimore City, in effect at the time of completion." In the 1969 Edition it seems that former § 262 A appears as § 22-61, reading as follows:

> "The Judge before whom any case may be tried in either the Baltimore City Court, the Superior Court of Baltimore City, or in the Court of Common Pleas, shall have exclusive jurisdiction to hear and determine, and the said judge shall hear and determine, all motions for a new trial where such motions arise, either on questions of fact or for misdirection upon any matters of law, and all motions in arrest of judgment, or upon any matters of law, determined by the said judge; and all such motions shall be heard and determined within thirty days after they are made."

Thus the section contains no reference to the Criminal Court of Baltimore and its provisions are limited to the several law courts comprising the Supreme Bench of Baltimore City.

2. In *Austin v. Director*, 245 Md. 206, the Court found that the lower court "lacked authority to apply its usual inherent authority to grant a new trial" in defective delinquent proceedings, noting, at 212: "If new trials are to be granted in defective delinquent proceedings, the Legislature, not the Courts, should provide them." The Court had found in *Bullock v. State*, 230 Md. 280 that the constitutional right of removal in law actions did not apply to defective delinquency proceedings in the absence of legis-

## REASONS FOR A NEW TRIAL

The reasons to be assigned for a motion for a new trial are not prescribed in this jurisdiction by the constitution, a statute or a rule. Rule 567 b merely requires that "[a]ll reasons for said motion shall be filed in writing within the time limited for the filing of said motion, and no other reason shall be thereafter assigned without leave of court." Rule 759 a states simply: "The Court may grant a new trial if required in the interest of justice." *Hochheimer, supra* states, § 340, pp. 216-217:

> "The principal grounds for granting a new trial are, that the verdict was contrary to the evidence; newly discovered evidence; accident and surprise; misconduct of jurors or the officer having them in charge; bias and disqualification of jurors, disqualification not entitling to a new trial, however, if there was an opportunity to challenge; misconduct or error of judge; fraud or misconduct of prosecution, e.g., abuse of argument."

*Wharton, supra,* Vol. 5, §§ 2163-2175, pp. 354-367 discusses at length the grounds for a new trial. But as the question here before us involves only the sufficiency of the evidence, we limit our discussion to it. As to that ground, *Wharton,* says, § 2166, pp. 355-356:

> "A verdict or finding of the jury must be based upon and conform to the evidence; and a verdict wholly unsupported by any evidence whatever should not be allowed to stand. But that a verdict is against the preponderance of evidence is no objection unless there is such a preponderance of proof on the other side as to show that manifest injustice has been done by

lature authority therefor and saw "a definite analogy between the right of removal and the right to a new trial." At 211.

The court in *In Re Fletcher,* 251 Md. 520, left open the question whether a juvenile court has power to grant a new trial but found no authority, either under the Maryland Rules or any statute for a new trial in juvenile proceedings in this State. At 532.

the verdict, and to warrant the conclusion either that the jury have mistaken or failed to weigh the evidence properly, or to apply legal principles, or to arouse suspicion of corruption, prejudice, or partiality on the part of the jury. Whether a new trial should be granted for insufficiency of evidence rests largely in the discretion of the trial court. It has also been held that a verdict based on incompetent evidence on a material issue must be set aside."

This is in accord with Hochheimer's statement that a motion for a new trial may be granted by the trial court if the verdict is "contrary to the evidence." Thus it appears that the test to be applied by the trial court is broader in scope than that which it applies in determining whether or not to grant a motion for judgment of acquittal—whether there was evidence adduced, either directly or by rational inferences therefrom, which would be sufficient for the trier of fact to find, beyond a reasonable doubt, that the defendant is guilty of the offense charged. For in determining a motion for judgment of acquittal the court does not weigh the evidence or judge the credibility of the witnesses, these matters being for the trier of fact in arriving at the guilt or innocence of the accused. See *Williams v. State,* 5 Md. App. 450. But in deciding whether the interest of justice requires a new trial of an accused convicted by the trier of fact on the evidence before it, the trial court must weigh such evidence and consider which evidence is credible. It is only by so doing that it may determine whether there is such a preponderance of proof in favor of the accused "as to show that manifest injustice has been done by the verdict." Although the Maryland constitutional provisions touching on motions for a new trial are no longer in effect, we do not believe that its provisions, when effective, intended a standard as the basis for a new trial when determined by the Supreme Bench of Baltimore City different from that to be followed by the Circuit Courts for the various counties, nor do we believe that the

elimination of the constitutional provisions changed the standard to be followed. Under the Constitution the Supreme Bench had jurisdiction to hear motions for new trial arising either "on question of fact" or "for misdirection upon matters of Law." Discussing this the Court of Appeals said in *Johnson v. State, supra,* at 483:

> "This Court pointed out in *Roth v. House of Refuge,* 31 Md. 329, that one of the purposes of the procedure contemplated by the constitution is to seek uniformity of decision and provide a form where there can be had the benefit of review in cases where an appeal will not lie. Often, where an appeal does lie the powers of review of the Supreme Bench in ruling upon the motion for a new trial are broader in scope than those of this Court. It may weigh the evidence in a criminal case even though the case was tried before a jury, and grant a new trial in its sound discretion. It also has the authority to weigh and consider newly discovered evidence."

See also *Brown v. State, supra,* at 499. We note that *Johnson* was decided after the Court of Appeals had authority to review the sufficiency of evidence in criminal cases. We see no material difference in the trial court's consideration of a motion for a new trial, as far as the evidence is concerned, between civil cases and criminal cases. In either case, although the court may not have felt justified to take the case altogether from the jury by applying the test applicable to the particular proceeding, "it may, nevertheless, in the exercise of its discretion, grant a new trial where it is plainly apparent that the jury have ignored or disregarded the overwhelming preponderance of the testimony, practically unsupported by evidence." II *Poe, Pleading and Practice,* 4th Ed., § 336. *Tiller v. Elfenbein,* 205 Md. 14, 21, recognized the power of the trial court to reconsider all the evidence produced at the trial in regard to a grant of a new trial and in *Snyder v. Cearfoss,* 186 Md. 360, 369, the Court

said, "If the evidence is not satisfactory to the trial court, it is within its province to order a new trial before another jury." We see no distinction, as to the exercise of this discretion, whether the court or a jury was the trier of fact. See also *Barbee v. Warden*, 220 Md. 647, 650.

## APPEAL FROM DENIAL OF A MOTION FOR A NEW TRIAL

Rule 759 not only contemplates a motion for a new trial but by § b provides for an arrest of judgment in criminal causes. "Upon motion of a party or on its own motion the court shall arrest judgment only for an error apparent on the face of the record, and which could not have been reached by motion to dismiss or grant appropriate relief before or during the trial." The basic distinctions between a motion for a new trial and a motion for arrest of judgment are that the former is predicated upon matters extrinsic to the record and is not, as a general rule, appealable, while the latter is predicated upon matters intrinsic to the record and is appealable. In *Miller v. State*, 135 Md. 379, 382, the Court said: "It is difficult to see in any case which has been fully tried on its merits the difference between a motion to strike out a judgment and a motion for a new trial, except from the refusal to grant the former an appeal may be entertained, and not, in this State, from such refusal as to the latter." See also *Quesenbury v. State*, 183 Md. 570, 572; *Wilson v. State*, 181 Md. 1, 8; *Bosco v. State*, 157 Md. 407. It has been firmly established by a myriad of cases in this jurisdiction that the general rule is that the matter of a new trial lies within the discretion of the trial court and is not subject to appellate review.[3] The Court of Appeals

---

3. See *Archer v. State*, 45 Md. 457, 461; *Miller v. State*, 135 Md. 379, 382; *Myers v. State*, 137 Md. 482, 487; *Bosco v. State*, 157 Md. 407, 410; *Wilson v. State*, 181 Md. 1, 8; *Quesenbury v. State*, 183 Md. 570, 572; *Haley v. State*, 200 Md. 72, 77; *Williams v. State*, 204 Md. 55, 66; *Givner v. State*, 208 Md. 1, 4; *Clay v. State*, 211 Md. 577, 587; *Hitchcock v. State*, 213 Md. 273, 285; *Thomas v. State*, 215 Md. 558, 561; *Colter v. State*, 219 Md. 190, 191-192; *McCoy v. State*, 236 Md. 632, 633; *Burley v. State*, 239 Md. 342, 344; *Adams v. State*, 4 Md. App. 135, 139-140; *Stallard v. State*, 6 Md. App. 560, 563; *Elder v. State*, 7 Md. App. 368, 373.

has stated baldly in a number of cases, to the effect, if not in the precise language as that employed in *Haley v. State,* 200 Md. 72, 77: "Of course, there is no appeal to this Court from the refusal of a new trial." But if the rule was, as it seemed to be from early decisions, and even from some cases decided after the Court of Appeals was granted the authority to review the sufficiency of the evidence in criminal cases,[4] that the appellate court cannot review the ruling of a trial court on a motion for a new trial, the rule has been tempered to a limited degree. In *McCoy v. State,* 236 Md. 632, the Court said, at 633: "Of course, there is no appeal from a denial of a new trial, absent abuse of discretion * * *." And in *Thomas v. State,* 215 Md. 558, the Court said, at 561, that there was nothing the trial judge did or decided, in the aspect of the case concerning a denial of a new trial, for it to pass on, because he gave full consideration to the relevant facts, and in his "sound discretion", decided they did not justify a new trial. Abuse of discretion as an exception to the general rule, from the adjudicated cases, has been applied only where the trial court refused even to consider newly discovered evidence as in *W. B. & A. E. R. Co. v. Kimmey,* 141 Md. 243, to which reference was made in *Givner v. State,* 208 Md. 1 and stated as an exception in *Burley v. State,* 239 Md. 342, 344. We stated the exception in *Adams v. State,* 4 Md. App. 135, 140 but did not find it applicable to the facts of that case. In *Elder v. State,* 7 Md. App. 368, 373 and *Stallard v. State,* 6 Md. App. 560, 563 we stated what we deem to be now the general rule—the granting of a new trial lies within the sound discretion of the trial court and is not reviewable by this Court.

---

4. We traced the history of the authority of appellate review as to sufficiency of evidence in criminal causes in *Williams v. State,* 5 Md. App. 450. In *Williams v. State,* 204 Md. 55, decided 11 February 1954, the Court said, at 66, "Of course this Court does not entertain appeals from rulings on motions for new trial. * * * In this State a motion for a new trial is addressed to the discretion of the court in criminal as well as civil cases, and from an order overruling such a motion no appeal will lie."

## THE INSTANT CASE

Jerome Julius Pinkney (appellant) was found guilty by a jury in the Circuit Court for Prince George's County of robbing David John Satterfield with a deadly weapon. Prior to the imposition of sentence and within 3 days after the reception of the verdict, he filed a motion for a new trial in writing, giving as one of the reasons therefor that the verdict was against the weight of the evidence. Rule 567 a and b. The motion was denied upon hearing. He seeks reversal of the denial of a new trial. He does not claim that the court did not consider the evidence in arriving at his decision but urges that it did not apply the proper standard in considering it. He argues that even if the court, had it considered the sufficiency of the evidence under the proper standard, would have been justified in denying a new trial, there was reversible error because the court did not apply the correct rule of law with respect to the sufficiency of the evidence applicable to motions for a new trial.

Appellant also contends that the trial court erred at the trial on the merits in denying his motion for judgment of acquittal made at the close of all the evidence. Rule 755 b. The denial of this motion requires us to review the sufficiency of the evidence to sustain the conviction, as appellant presents the question on appeal. We decide this question before we decide the issue as to the motion for a new trial, for if the court erred in denying the motion for judgment of acquittal, the denial of a motion for a new trial becomes moot.

### The Denial of the Motion for Judgment of Acquittal

Appellant's contention as to the sufficiency of the evidence goes only to his criminal agency; he does not claim that the *corpus delicti* of the offense of which he was convicted was not established. The victim made a positive in-court identification of appellant as one of the robbers. Noting that this was the second time his company had been held up in about three months, he said: "The first time I was a little unhappy that I wasn't able to identify

anyone, and I think the reason I didn't identify anyone, I was trying to remember both of the faces. This time, or I told myself after the first holdup, that I was going to try to remember one face and at least catch one of them, and I concentrated on one person instead of the whole group, and this is the only way I did it. I thought I would —this would be a better way than trying to remember everybody." During the robbery of which appellant was charged, he concentrated on the appellant. There was also evidence, corroborating the in-court identification, that the victim identified appellant at a pretrial viewing of photographs. Appellant recognizes the rule, consistently followed by this Court, that identification by a single eyewitness is sufficient to show the criminal agency of an accused. *Watson v. State,* 6 Md. App. 134. But he claims that the identification of the witness here should not be considered as his testimony was so contradictory as to lack probative force under the rationale of *Kucharczyk v. State,* 235 Md. 334. We have reviewed the witness' testimony and find no contradictions sufficient to make the *Kucharczyk* rationale applicable. See *Wilkins v. State,* 5 Md. App. 8; *Johnson v. State,* 4 Md. App. 648. We observe that the description of one of the robbers given the police by the victim included that he was wearing orange trousers; appellant was wearing orange trousers when arrested. That other eyewitnesses to the crime were unable to identify appellant did not preclude the submission of the evidence to the jury, nor did the evidence adduced by appellant in an attempt to prove an alibi, nor did his denials and explanations. The weight of the evidence and the credibility of the witnesses were matters for the jury. See *Rasnick v. State,* 7 Md. App. 564; *Iozzi v. State,* 5 Md. App. 415; *Thompson v. State,* 4 Md. App. 31; *Williams v. State,* 4 Md. App. 558.

Applying the test set out in *Williams v. State,* 5 Md. App. 450, we hold there was no error in the denial of the motion for judgment of acquittal.

*The Denial of the Motion for a New Trial*

As we have pointed out, the mere fact that the evidence

was sufficient in law for it to be submitted to the jury would not preclude the trial court from concluding, in the exercise of its discretion, that their verdict of guilty was a manifest injustice. In accord with our discussion, in deciding whether to grant or refuse a motion for a new trial, the court weighs all the evidence and considers the credibility of the witnesses. But it is not merely that the verdict is against the preponderance of the evidence that entitles the defendant to a new trial. There must be such a preponderance of proof on the side of the defendant "as to show that manifest injustice has been done by the verdict, and to warrant the conclusion either that the jury have mistaken or failed to weigh the evidence properly, or to apply legal principles, or to arouse suspicion of corruption, prejudice, or partiality on the part of the jury." However, whether or not there is such a preponderance of proof is for the trial court to determine, and its decision, on the rule firmly established in cases adjudicated to this time, is not subject to appellate review unless it appears that the trial court did not consider newly discovered evidence.

At the hearing on the motion defense counsel recounted the evidence adduced. He said:

> "I suggest there is more than room for doubt in this case. I suggest not only that there is room for doubt, but when I say in the motion the weight of the evidence is against the verdict I wasn't being facetious. * * * I believe the fair import and fair weight of the evidence in this case is not only is there room for doubt, I think clearly there is room for reasonable doubt. I don't think there is any question but what the jury did not follow this Court's instructions. You instructed the jury if they had a reasonable doubt they ought to follow it, and you indicated to them that you expected of them the degree of certainty they would use in their own affairs. That was part of your definition in this case. I don't think they followed the Court's in-

structions, because there was ample room for doubt." The transcript reads:

"THE COURT: The Court denied your motion for a judgment of acquittal at the end of the entire case, and that is what you are asking me to do now, in effect.

MR. LAW (defense counsel) : I am asking you, in view of the fact —

THE COURT: You said it should not have gone to the jury and I have already decided that it should. Once you let it go to the jury they could decide it either way, can't they?

MR. LAW: Yes, sir, they can.

THE COURT: That is what they did.

MR. LAW: They wrestled with it for about five hours and they decided it.

THE COURT: They may have had problems.

MR. LAW: Indeed they did.

THE COURT: But they finally came up with a verdict of guilty.

MR. LAW: I'm aware of that, but I think —

THE COURT: And they had problems, perhaps, because it was a new jury and it was their first week of service.

MR. LAW: Well, I suggest, Your Honor, that the weight of the evidence of eight of ten witnesses was there was no identification. That is clearly the weight of the evidence. These witnesses did not put him in that place at that time. And added to that is the testimony of two or three perfectly responsible people who, in fact, put him someplace else at 3:00 o'clock in the afternoon and after 3:00 o'clock.

THE COURT: The jury didn't believe his alibi. That is what it boils down to, doesn't it?

MR. LAW: There was no reason given why.

THE COURT: In other words, as I recall very clearly from the witnesses, whom we as-

sume to tell the truth, it was still possible for him to get over there and commit the crime and come back. Apparently that is the way they reasoned it."

After further argument by defense counsel as to the facts, the Court said:

"We don't feel the point is well taken and the motion for new trial is denied. We think it was a question for the jury. We denied the motion for a judgment of acquittal at the end of the entire case. We feel the State had made out a prima facie case.

Quite frankly, the Court wasn't surprised at the verdict. On the other hand, we wouldn't have been surprised if they decided it otherwise. We think it was that close. But we do think it was definitely a question for the jury to determine, and they did. They have spoken and they declared the man guilty."

It is patent that the instant case does not fall within the recognized exception to the general rule that a denial of a motion for a new trial is not appealable. And it is the conclusion of the trial court which is controlling, not such conclusion as we may have reached were the decision ours. As the Court said in *Snyder v. Cearfoss, supra,* at 369: "We cannot substitute our judgment as to the weight of the evidence for that of the trial court." Our function is only to determine whether there was an abuse of judicial discretion in the denial of the motion. But we can conceive that in a particular case, a clear showing from the record that the trial court arrived at its determination on other than the proper criterion may, in the circumstances, be an abuse of its discretion. The question is whether this is such a case.

We do not believe that it is. Of course, the denial of the motion for a new trial cannot be based merely on the denial of a motion for judgment of acquittal at the trial of the general issue; as has been pointed out, the

inquiry as to the evidence with respect to a new trial is broader than that in ascertaining whether the case is properly to be submitted to the jury. Here, however, the remarks of the trial court, relied on by appellant to support his contention that the court did not apply the proper standard in its consideration of the motion for a new trial, were in answer to argument of counsel that the evidence was not sufficient to prove guilt beyond a reasonable doubt. His argument was construed by the trial court, and we think fairly so, as requesting that it find that it erred in giving the case to the jury, and to grant a new trial for that reason. The court felt that it had not been in error in not taking the case from the jury and we have found that it was not. Counsel mentioned the weight of the evidence and implied that the preponderance of the evidence was in favor of appellant, but even if this was correct it was not enough to justify a new trial. We think it clear from the observations of the trial court—"Quite frankly, the Court wasn't surprised at the verdict. On the other hand, we wouldn't have been surprised if they decided it otherwise. We think it was that close."—that it did not feel that the verdict was unsupported by any evidence or that there was such a preponderance of proof on the side of appellant as to show that manifest injustice had been done by the verdict, and to warrant the conclusion either that the jury had mistaken or failed to weigh the evidence properly or to apply legal principles, or to arouse suspicion of corruption, prejudice or partiality on the part of the jury. It is equally clear that it did not conclude that there was a defect of substantial justice at the trial or that a new trial was "required in the interest of justice." As the evidence was satisfactory to the trial court, it was within its province to refuse to grant a new trial.

We hold that there was no abuse of judicial discretion in the denial of the motion for a new trial.

*Judgment affirmed; costs to be paid by appellant.*