## RAYMOND GEORGE DEVERS AND BRYAN D. WEBSTER *v.* STATE OF MARYLAND

[No. 376, September Term, 1969.]

*Decided April 14, 1970.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Arthur Dale Leach* for appellants.

*Francis X. Pugh, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Arthur
A. Marshall, Jr., State's Attorney for Prince George's
County,* and *James E. Fannon, Jr., Assistant State's At-
torney for Prince George's County,* on the brief, for ap-
pellee.

ORTH, J., delivered the opinion of the Court.

Raymond George Devers and Bryan D. Webster were jointly tried before a jury in the Circuit Court for Prince George's County. Devers was found guilty of subornation of perjury and Webster of perjury. We reverse each judgment because of error with respect to the denial of motions for judgment of acquittal.

When a motion for judgment of acquittal is made in a jury case it is the function of the lower court to determine whether or not the evidence before it is sufficient in law to sustain a conviction. If it determines that it is, it should deny the motion and submit the case to the jury; if it determines that it is not, it should grant the motion and the case does not reach the jury. It is the function of this Court when the question is properly before it, to determine whether the lower court erred in denying a motion for judgment of acquittal. The test to be applied is whether the evidence shows directly or supports a rational inference of the facts to be proved, from which the jury could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. If there was such evidence there would be no error in denial of the motion; if there was no such evidence, denial of the motion would be reversible error. See *Williams v. State*, 5 Md. App. 450, 452-460.

However, the instant case does not reach us with regard to the denial of the motions for judgment of acquittal in the usual posture. We think it fundamental to the rights of a defendant that the lower court deny a motion for judgment of acquittal only on the basis that it has considered the evidence adduced, and recognizing that its weight and the credibility of the witnesses are matters for the jury, finds that the evidence in law was sufficient to sustain the conviction. We can only conclude that in the instant case the lower court's denial of the motion for judgment of acquittal made by each appellant at the close of all the evidence was influenced by other factors to the extent that the appellants were denied due

process of law. Thus we must reverse the judgments and do so without reaching the question of the sufficiency of the evidence *per se.* We reach our conclusion from remarks made by the lower court. At the trial, upon the close of evidence offered by appellants, the State requested a conference in chambers concerning a witness, it desired to call in rebuttal. During this conference the court said:

> "* * * Now, Mr. Fannon [Assistant State's Attorney] let me say this, if this were the world's worst murder case, if this was a seriously involved case, if it were not for the fact that I sat on these other cases and had thrown the other three out—there are certain indications that have come into this trial which indicates they weren't fully and completely resolved, which they were. Now, I am just trying to say that that is the fact. Here you have got a family squabble in here and this case should never have gone to trial. *If it weren't for the fact I sat on those other cases, and if it weren't for my confidence the jury is going to acquit this man, I would give him a judgment of acquittal like that,* and there isn't a court attendant that doesn't feel the same way about it. I don't know what has got in your craw, but I think this is one good reason why everybody is going to go out of office, really I do. I think this case is a disgrace. And I will say this to every one of you, it is an absolute disgrace. * * * Somebody says out of the courtroom—the rumors that go all over the courthouse about what is going on here, and about some other criminal case that was involved, but I must say we are here to try this one case. *And I will tell you if I hadn't sat in those others—and the people involved on the other side, there are such hard feelings by the phone company and by the people with Mrs.*

*Devers, that the jury is going to get this case come no matter what. I am just going to let the jury determine it. I am not going to do it. But if I had to determine it I would throw it out in a minute."* (emphasis supplied)

When trial resumed the State called one witness in rebuttal. His testimony was in substance cumulative and the court noted that it was not appropriate rebuttal. It said: "All you [the State] have done so far is to repeat exactly what you did on direct examination, only you have got one more witness, which is certainly not proper rebuttal." This testimony closed the evidence and appellants moved for judgment of acquittal. It was denied. The court felt the evidence had "created a question of fact which the jury must resolve, as we indicated in chambers when we were on the record. We feel that this case does present a question for the jury, a question of fact to determine whether or not the defendants are guilty as charged."

We are constrained to conclude that the court denied the motions for judgment of acquittal because it was leaving the question of guilt to the jury "no matter what." That the court was confident the jury would acquit was not a proper basis for a denial of the motions. Nor could the court properly slough its responsibility to decide whether or not the case should go to the jury because it had sat in other cases, apparently involving appellants, or because of "hard feelings" on the part of the parties involved. We think appellants were entitled to have their motions determined by the court applying the proper test and that the record affirmatively shows that the motions were not so determined. We hold that they must be awarded a new trial.

Although not necessary to our decision, we observe that the lower court erred also in the denial of a motion for a new trial because it failed to apply the proper test. In *Pinkney v. State,* 9 Md. App. 283 (1970) we found it clear that in this jurisdiction a convicted defendant in

a criminal prosecution has the right to be heard on a motion for a new trial, properly filed by him, in the court in which the motion is pending; that the sufficiency of the evidence, within the applicable test, is a ground for a new trial; and that although the general rule is that the grant of a new trial lies within the sound discretion of the trial court and is not reviewable by this Court, appellate review will lie when judicial discretion has been abused.

Maryland Rule 759 a states simply: "The court may grant a new trial if required in the interest of justice." Appellants' motion for a new trial posed the matter of the sufficiency of the evidence. The question would ordinarily be, was the evidence adduced so insufficient that the interest of justice required a new trial? The test to be applied in resolving that question, as recognized by us in *Pinkney* is:

> "A verdict or finding of the jury must be based upon and conform to the evidence; and a verdict wholly unsupported by any evidence whatever should not be allowed to stand. But that a verdict is against the preponderance of evidence is no objection unless there is such a preponderance of proof on the other side as to show that manifest injustice has been done by the verdict, and to warrant the conclusion either that the jury have mistaken or failed to weigh the evidence properly, or to apply legal principles, or to arouse suspicion of corruption, prejudice, or partiality on the part of the jury. Whether a new trial should be granted for insufficiency of evidence rests largely in the discretion of the trial court. It has also been held that a verdict based on incompetent evidence on a material issue must be set aside."

We noted in *Pinkney* that the test as to the sufficiency of the evidence with respect to the grant of a new trial is broader in scope than the test as to the sufficiency of the

evidence with respect to the grant of a motion for judgment of acquittal. For in determining a motion for judgment of acquittal the lower court does not weigh the evidence or judge the credibility of the witnesses; those matters are for the trier of fact. But in determining a motion for a new trial, the lower court must weigh the evidence and judge the credibility of the witnesses; only in so doing is it able to ascertain whether there is such a preponderance of proof in favor of the accused "as to show that manifest injustice has been done by the verdict." See *Johnson v. State,* 219 Md. 481, 483; *Brown v. State,* 237 Md. 492, 499. In denying the motion for a new trial the lower court disposed of the ground that the weight and sufficiency of the evidence did not support the conviction by asserting that the weight and sufficiency of the evidence were not for it. It said:

> "We conclude that the weight and sufficiency of the evidence is for the jury to decide and not for the Court. Once the case goes to the jury, assuming that it properly is presented to the jury on a question of fact, then the weight and sufficiency of the evidence is totally for the jury and not for the Court to determine, on a motion for judgment of acquittal at the end of the State's case and at the end of the entire case, as to whether there is sufficient evidence to present a question of fact of guilt or innocence to the jury. We concluded, on the basis of the State's theory of the case, that they had presented sufficient to go to the jury and for the jury to consider it. Once this was done, of course, the weight and sufficiency was up to the jury."

This was manifestly incorrect with respect to the grant of a new trial. It discards completely the safety valve as to improper verdicts which is established by the rule as to new trials and which is a *raison d'etre* in giving trial courts discretionary power as to the grant of a new trial.

The court here clearly did not consider the weight of the evidence in determining the motion before it. This was as much an abuse of its discretion as the refusal to consider newly discovered evidence. See *Burley v. State,* 239 Md. 342, 344; *Givner v. State,* 208 Md. 1.

Appellants' brief was more than 25 pages in length without special permission of this Court. Rule 1031 b. It also contained a record extract not authorized by the Rules pertaining to this Court. Compare Rule 828. Appellants did not prosecute the appeal as indigents. The costs other than the printing of appellants' brief shall be paid by the Board of County Commissioners of Prince George's County. The costs of printing appellants' brief shall be paid by the appellants. Rule 1082.

> *Judgment reversed in criminal trials 8996; judgment reversed in criminal trials 8997; cases remanded for a new trial; costs to be paid as designated in this opinion.*