## SMITH ET AL. *v.* LAPIDUS ET UX.
[No. 26, October Term, 1955.]

274

*Decided November 11, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Bernard E. Stern* and *Allan H. Fisher, Jr.*, for the appellants.

*Herbert L. Grymes* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

In this case actions at law were brought by the infant appellant for injuries sustained in a fall from a porch on leased premises, and by his mother for loss of services and medical expenses. They were tried before the court and a jury, resulting in verdicts of $10,000 and $2,000, respectively. Motions for new trial were overruled, and the judgments made absolute on March 11, 1955. Appeals to this Court were entered on March 14. On March 23, a motion to strike the judgments, with exhibits attached, was filed. On March 29, the appeals to this Court were dismissed. Answers to the motion to strike were filed on March 30, and amended answers on April 6. On April 7, 1955, the judgments were stricken out and new trials granted pursuant to an order filed. This appeal is from that order. The appellees have filed in this Court a motion to dismiss the appeal.

There can be no question that the trial court retained jurisdiction to entertain the motion to strike the judgments filed (and in fact disposed of) within thirty days from the date of their entry, under Rule 1, Sec. VI, Part 2 of the Rules of Practice and Procedure, despite the overruling of the motions for new trial and the entry of appeals that were subsequently dismissed. *Tiller v. Elfenbein,* 205 Md. 14. The appellants concede the general rule that the trial court has a wide discretion to strike a judgment that is not ordinarily reviewable on appeal, particularly where there remains no final judgment to appeal from. *Tiller v. Elfenbein, supra; Snyder v. Cearfoss,* 186 Md. 360. The appellants contend, however, that the court abused its discretion by refusing to consider evidence proffered within the exceptions noted in *Wash., B. & A. R. Co. v. Kimmey,* 141 Md. 243, and *Hartlove v. Bottling Co.,* 160 Md. 507.

It would appear that the only testimony produced by the plaintiffs as to the actionable nature of the fall was that of the mother, to the effect that the fall was caused by the breaking of a defective board in the floor of the porch on which the child stepped. It was this type of defect that had been brought to the landlords' attention. The testimony of the appellees was to the effect that the porch floor had been completely repaired just prior to the accident. Another boy, an eye witness, testified that the fall occurred when the infant plaintiff was standing outside the rail taking clothes off a clothesline. His hand slipped off the rail, and the clothesline [operating on a pulley] carried him out over the yard, where he fell. It was testified that the mother had told a third party on the day after the accident that the boy lost his balance and was carried out on the clothesline, and that it was not the landlords' fault, but at the trial she flatly denied making this statement. The motion to strike alleged, in effect, that her testimony was false. Exhibits attached to the motion consisted of a photostatic copy of the hospital records of the Bon Secours Hospital, to which the boy was taken following the accident, containing an entry stating that the accident occurred when the patient "fell from second floor, reaching for clothesline", and an affidavit of Dr. Byrnes, who declared that he had made the entry and that information as to the accident was obtained by him from the mother when the boy was brought in. The motion alleged that the hospital records were not brought to the jury's attention or known to the defendants at the time of trial, and that the facts sworn to by Dr. Byrnes were not known to the defendants until just before the motion to strike was filed.

The amended answer to the motion relied upon a lack of diligence on the part of the appellees to discover the entry in the hospital records which were produced at the trial and offered in evidence, although not marked as such or read to the jury. The appellants challenged the truth of the affidavit of Dr. Byrnes by denying that the

entry was in his handwriting and by filing a counter affidavit of the mother, wherein she swore she made no statement about the fall to Dr. Byrnes, and another affidavit to the same effect by her mother, Mrs. Hess, who accompanied her to the hospital. The answer also contended that the entry in the hospital records was hearsay, not pathologically germane to the injuries received, and hence inadmissible. The answer also asserted that the plaintiffs were entitled to have testimony taken on the issues of fact presented by the motion and answer, before a ruling on the motion. The court, however, after argument but without hearing testimony, struck out the judgments, stating: "I find no explanation for the statements in the medical record except that the information given the hospital conflicts with the testimony of Mrs. Zimmerman at the trial. Furthermore, I believe the verdicts are excessive."

In *Wash., B. & A. R. Co. v. Kimmey, supra,* a motion for a new trial was refused, although evidence attacking the validity of a claim for damages, which if considered would almost certainly have required the granting of a new trial, was introduced without objection. None of this evidence, largely in the form of affidavits and depositions, was considered by the trial court, but was stricken out upon motion *ne recipiatur.* On appeal from the judgment this was held to be an abuse of discretion. In *Hartlove v. Bottling Co., supra,* the appeal was from an order granting a new trial. While the appeal was dismissed, it is fair to say that this Court at least assumed that a refusal to consider evidence which the appellant had a right to have considered would be reviewable under the exception relied on in the *Kimmey* case. Since the appellant chose to rely upon the motion and affidavits filed, which the court had considered, and proffered no other evidence, the appeal was dismissed in accordance with the general rule. In *State v. Balto. Transit Co.,* 177 Md. 451, 454, it was stated that a ruling on a motion for new trial is not appealable except where some sub-

stantial right is denied, and that "procedural matters are regulated by the trial court according to the exigencies of the motion. * * * the aggrieved party is generally entitled to no more than an opportunity to a court and a hearing."

It is clear in the instant case that the trial court gave careful consideration to the motion and answer and exhibits filed on both sides. The record does not show that any additional evidence was proffered at the hearing; the appellants merely state in their brief that in their amended answer "they asked the court to allow them to *support their affidavits by testimony* if it was not disposed to overrule the motion on the basis of the papers filed in the proceedings." (Italics ours). Motions with the object of obtaining a new trial are customarily disposed of upon affidavits submitted, and we are aware of no rule or practice that would make the taking of testimony in open court obligatory. Cf. *Givner v. State,* 208 Md. 1, 6, 115 A. 2d 714, 716. The trial judge was not obliged to resolve the issues of fact presented by the motion and answer. If he entertained a reasonable doubt that justice had not been done, he was empowered to strike the judgments. There is no vested right in a verdict and the exercise of the prerogative right of the trial judge in setting it aside "is no more than having the cause more deliberately considered by another jury." *Snyder v. Cearfoss, supra,* p. 369. See also *Silverberg v. Dearholt,* 180 Md. 38, 40, and *Corbin v. Jones,* 199 Md. 527, 529. The trial judge seems to have assumed the truth of everything stated in the appellants' affidavits, but took the view that in any event the entry in the hospital records tended to impeach the mother's testimony. He obviously felt that the entry, if presented to another jury, might affect the verdicts, or even the amount of the verdicts. This appears to be the purport of his brief opinion. We cannot hold that this was an abuse of discretion.

It is unnecessary to pass on the appellants' contention that the entry in the hospital records was not admissible.

It was properly considered by the court on the motion, even if we assume, without deciding, that it would not be admissible at a subsequent trial under the rule announced in *Lee v. Housing Auth. of Baltimore,* 203 Md. 453. If Dr. Byrnes was prepared to swear that the statement was made to him by the mother, it might well be admissible as an admission on her part, and doubtless the entry could be used to refresh his recollection. The motion and affidavit was, in effect, a proffer to produce evidence to contradict her sworn testimony at the trial. It is beside the point that this was merely cumulative, in view of the testimony as to her similar admission to another witness.

On the question of the alleged lack of diligence on the part of the moving party in failing to read the entry to the jury or to discover sooner the persons to whom and by whom it was allegedly made, the appellants were only entitled to a consideration by the trial court of their contention, not to a review to determine whether the court's action thereon was in error. The appellants cite *Maryland Steel Co. v. Marney,* 91 Md. 360, for the proposition that a judgment should not be stricken except in a strong case, even though there are allegations of perjured testimony, and that a lack of diligence may justify a denial of relief. In that case the judgment had been enrolled, and could not be reopened except upon a clear showing of fraud, surprise or mistake, and the trial court had refused to strike the judgment. We do not quarrel with the statements in that case that there should be an end to litigation and that courts are reluctant to reopen matters finally determined. But as we intimated in *Tiller v. Elfenbein, supra,* the retention of a limited control over a judgment by the trial court is a matter of sound policy. Doubtless the power should not be invoked to postpone a final decision, or as a substitute for a motion for a new trial, or to reargue matters already considered on motion for new trial. But the possible danger of misuse must be weighed against the value of the procedure as a safety

valve, and if the granting or refusal of such motions were reviewable, there might be still further delays by way of captious appeals. Questions of diligence incident to the granting or denial of such motions must be left to the discretion of the trial court. We may note that in the instant case there was an uncontradicted allegation that Dr. Byrnes' connection with the matter was not discovered until just before the motion was filed.

*Appeal dismissed, with costs.*