PARKER *v.* STATE

[No. 254, September Term, 1960.]

*Decided May 8, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Harry A. Cole,* with whom were *Benjamin L. Brown* and *Brown, Allen & Watts* on the brief, for the appellant.

*Mary Arabian, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *Julius A. Romano, State's Attorney* and *Assistant State's*

*Attorney for Baltimore City,* respectively, on the brief for the appellee.

Per Curiam.

The appellant was convicted by a jury of the commission of two armed robberies. He contends that the trial court was in error in admitting into evidence the written statement of the appellant by way of a confession.

One robbery was of a grocery store on Lafayette Avenue in Baltimore City. Two men entered the store, one took a sawed-off shot gun from under his jacket and held up the proprietor, an employee, and a customer, while the other proceeded to remove approximately $300.00 from the cash register. The second case involves the robbery of a liquor store on Harford Avenue. The pattern in this case was similar to the one involving the grocery store. The proprietor and an employee were held up, and in this instance $400.00 was taken from the cash register. At the trial none of the eye witnesses could identify the appellant as one of the robbers.

On December 30, 1959, the appellant was arrested at his home on Eutaw Place. When taken to police headquarters he was questioned by Detective Sergeant Burke concerning a series of robberies, but the appellant denied any knowledge of them. The interrogation lasted about one-half hour, whereupon the appellant was returned to his cell. Sergeant Burke testified that the appellant appeared to be in good physical condition then and made no complaints about his health.

Detective Sergeant Stevens testified that at about 7:30 P. M. on December 30, 1959, the appellant was brought into the Hold-up Squad Room at Detective Headquarters. There Sergeant Stevens, along with Detectives Craig and Walker, proceeded to discuss, among others, the grocery and liquor store robberies. The appellant gave a statement admitting the robberies, which was reduced to writing, signed by the appellant and witnessed by the three detectives. All testified that no force or violence was asserted toward the appellant, nor were any threats or promises made to him.

Sergeant Stevens further testified that the appellant never denied participation in the robberies, and that he did not confront the appellant with information to the effect that the appellant had been involved by others. Sergeant Craig's testimony was substantially to the same effect. However, Sergeant Walker, the third officer present at the time of the interrogation and confession, testified that the appellant at first denied any participation in the robbery "several times", and that Sergeant Stevens acquainted the appellant with certain facts relating to his participation, and that other persons implicated the appellant.

The appellant testified that the officers stomped on his foot, slapped him in the mouth, punched him in the stomach, and threatened to throw him out of a window. At the trial it was agreed and stipulated between counsel for the appellant and for the State that if the nurse from the jail hospital were present she would testify that on January 2, 1960, appellant complained to her that his foot and right ankle had been hurt at the Central Police Station. It was further stipulated that if the doctor from the jail hospital were there he would testify that on January 4, 1960, appellant complained to him about a pain in his right ankle and that physical examination indicated tender lateral side of his right foot, and treatment prescribed was hot soaking of the right foot.

Appellant argues that from this evidence the trial court was in error in admitting the confession of the accused. The burden is upon the State to show that the confession offered in evidence is the voluntary act of the accused, and not a product of force, threats, or inducement by way of promise or advantage. *Presley v. State,* 224 Md. 550, 168 A. 2d 510; *Hall v. State,* 223 Md. 158, 162 A. 2d 751. Moreover, in this State the procedure followed as to confessions is that the admissibility is first determined by the trial court then, if admitted, it is submitted to the jury for its ultimate determination. *Presley v. State, supra;* and *Hall v. State, supra.* That procedure was followed in this case. Thus, any conflict in the testimony is determined first by the trial court and then resolved by the jury which is the trier of the facts. *Grammer v. State,* 203 Md. 200, 100 A. 2d 257.

Discrepancies in the testimony of the detectives as to whether the appellant at first denied the robberies, whether the appellant had been told that he had been implicated in the robberies by other participants, the furnishings in the interrogation room, were all minor in character, especially since the witnesses had been excluded from the courtroom before called to testify, on motion of defense counsel. Likewise any conflict between the testimony of the police officers and that of the appellant with reference to alleged brutality in eliciting the confession was for the consideration of the jury, after being passed upon by the court.

We think there was sufficient evidence to substantiate the voluntariness of the confession, and find no error in the trial court's ruling.

*Judgment affirmed.*