**John Wesley KELLY, Jr., Appellant,**

v.

**WARDEN, HOUSE OF CORRECTION,**
Appellee.

No. 82–6301.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1982.
Decided March 3, 1983.

**312**

Larry J. Ritchie, Washington, D.C. (Geltner & Ritchie, Washington, D.C., on brief), for appellant.

Stephanie J. Lane, Asst. Atty. Gen., Baltimore, Md. (Stephen H. Sachs, Atty. Gen. of Maryland, Stephen B. Caplis, Chief, Correctional Litigation, Baltimore, Md., on brief), for appellee.

Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and BLACK *, District Judge.

MURNAGHAN, Circuit Judge:

The district court in *Kelly v. Warden, House of Correction,* 468 F.Supp. 965 (D.Md.1979), has thoroughly outlined the factual aspects of the petition under 28 U.S.C. § 2254 for habeas corpus relief. Kelly was convicted of first degree murder and on February 28, 1971 was sentenced to life imprisonment. The district judge carefully and in detail described the legal issues

* The Honorable Walter E. Black, Jr., United States District Judge for the District of Mary-

involved and stated his grounds for denying relief.

It is, therefore, unnecessary to repeat much of what has already been written, and we confine ourselves to the central issue presented by the appeal.

The district judge analyzed the case using a three-part test. First, he determined that trial counsel acting for the petitioner conducted himself in a manner different from the manner in which reasonably competent counsel would have acted. He stated:

At the evidentiary hearing held by this court on October 27, 1978, the court found that trial counsel knew that the petitioner was claiming that he was undergoing withdrawal from heroin at the time his statements to the police were made. The court further ruled that, as a matter of law, trial counsel should have investigated this possible evidence which could bear directly on the voluntariness of the statements made by the petitioner to the police.

468 F.Supp. at 969.

The district judge further found:

In short, this court finds that, in this instance, the assistance rendered Kelly by his trial counsel was incompetent, that his incompetence led to the failure of Kelly to testify at the suppression hearing and the failure of the presiding Judge to have presented to him a legal argument justified by the contentions of Kelly which conceivably could have resulted in the suppression of the statements.

468 F.Supp. at 973.

Having answered the question "was counsel incompetent?" in the affirmative, the district judge then turned to the two remaining questions, which he characterized as:

2. If so, did the incompetent acts or omissions of trial counsel deprive the defendant of potentially useful facts or admissible evidence for use in cross-examination, in motions or in his case in chief?

land, sitting by designation.

3. If so, was the deprivation of the defendant of potentially useful facts or admissible evidence harmless beyond a reasonable doubt? ...

*Id.* He perceived these questions as interrelated or combined:

In many, if not most, instances, the second and third steps of this analysis are combined where it is apparent that an affirmative answer in the second step necessarily, in the circumstances, would require a negative answer in the third step.

468 F.Supp. at 968.

Proceeding to investigate those questions (or that single, interrelated question), the district judge concluded:

In the context of the failure of Kelly's trial counsel to pursue the issue of his alleged drug withdrawal sickness and its relationship to the admissibility of the inculpatory statements, the second step of the three part analysis previously discussed, rather than requiring the petitioner to show that he suffered the loss of potentially useful evidence, requires a showing that potentially harmful evidence was, as a matter of law, wrongly introduced against him. If the events, as described by petitioner leading up to his statements to the police, did not occur as he described them or did not as a matter of law make his statements inadmissible in evidence under the strictures of the Fifth, Sixth, and Fourteenth Amendments, then the second step of the three part analysis has not been fully met by petitioner.

468 F.Supp. at 973.

■ We perceive a significant departure from the proper manner in which the matter should have been treated. The district court wrongly placed on Kelly the burden of establishing, by a preponderance of the evidence, step two of the test: that "the incompetent acts or omissions of trial counsel deprive[d] the defendant of potentially useful facts or admissible evidence ...." The accused, therefore, was saddled with the burden of going forward to show that there was some additional harm flowing

from the demonstrated and established incompetence of counsel. In Kelly's case, this meant a showing, by Kelly, that the statements in question were in fact involuntarily given, and that a motion to suppress would therefore have succeeded.

Once Kelly had shown an incompetent failure of counsel to investigate and move to suppress (a motion which the district judge has acknowledged "conceivably could have resulted in the suppression of the statements"), the burden should have shifted to the state of showing that the failure in no way prejudiced or harmed him. *Chapman v. California,* 386 U.S. 18, 24–26, 87 S.Ct. 824, 828–29, 17 L.Ed.2d 705 (1967) (constitutional error casts on someone other than the person prejudiced by it a burden to show that it was harmless); *Coles v. Peyton,* 389 F.2d 224, 226 (4th Cir.1968) (where failure to investigate is held to constitute denial of effective representation, state has the burden of establishing lack of prejudice).

■ The district judge improperly imposed this burden on Kelly. This is apparent in part from his conclusion that Kelly failed to prove involuntariness and hence failed to meet that burden:

The court is unable to conclude by a preponderance of the evidence, after reading the trial and post conviction transcripts as well as after consideration of the testimony of the petitioner on October 27, 1978, that the petitioner involuntarily and unintelligently waived his rights in making his statements to the police officers or that his statements themselves were involuntarily made under psychological or other duress.

468 F.Supp. at 974. Such a determination is properly assigned in a Maryland criminal trial to the state judge and jury. *Boone v. State,* 2 Md.App. 80, 101–03, n. 1, 233 A.2d 476, 488–89 n. 1 (1967); *Parker v. State,* 225 Md. 288, 291, 170 A.2d 210, 211 (1961); *Presley v. State,* 224 Md. 550, 559, 168 A.2d 510, 515 (1961), *cert. denied,* 368 U.S. 957, 82 S.Ct. 399, 7 L.Ed.2d 389 (1962). Yet the federal district court here ruled on this is-

sue as an antecedent to concluding that Kelly had failed to show harm flowing from his counsel's incompetence. This would not have been necessary had the burden of proof as to harmfulness or harmlessness been properly allocated.

Accordingly, we vacate the opinion below and remand for a new finding by the district court with the burden of proof properly allocated. Unless the district court makes a finding, after applying the proper rule as to burden of proof, that the error of constitutional dimensions was harmless, Kelly's petition for a writ of habeas corpus should be granted. In that case, of course, the district court might, in its discretion, elect to suspend the grant of the writ for such time as it may deem reasonable to permit the state to move forward if it should elect to prosecute again.

VACATED AND REMANDED WITH INSTRUCTIONS.